[L. A. No. 904. In Bank. — February 26, 1901.]

ALBERT MEYER, Respondent, v. CITY OF SAN DIEGO
   et al., Appellants. R. NICOLLS et al., Interveners, Re-
   spondents.

COSTS — REPORTER'S TRANSCRIPT — REFUSAL TO STRIKE OUT — PRE-
   SUMPTIONS — BURDEN UPON MOVING PARTY — APPEAL. — An item in
   a verified cost-bill, for fees paid to the reporter for transcribing
   the evidence, must be presumed to have been incurred for a tran-
   script ordered by the court, and the burden is upon the party mov-
   ing to strike it out to show that the charge was illegal, and that the
   transcript paid for was not ordered by the court; and it must be
   presumed, upon appeal, that the order refusing to strike it out was
   correct, in the absence of a clear showing to the contrary in the bill
   of exceptions.
ID. — ORDER FOR TRANSCRIPT BY DISQUALIFIED JUDGE — FEES PAID IN
   GOOD FAITH. — Where the judge who originally tried the case under
   a claim of right to do so, ordered a transcript of the evidence, fees
   paid therefor in good faith are not to be rejected from the final
   cost-bill, merely because it was subsequently decided by this court,
   upon appeal, that such judge was disqualified.
ID. — COSTS INCURRED UNDER VOID ORDER. — The party who finally re-
   covers in the case is not to lose costs necessarily incurred, because
   they were incurred under a void order, which was believed at the
   time to be valid.

APPEAL from an order of the Superior Court of Orange
County refusing to strike from a cost-bill reporter's fees for a
transcript of evidence. J. H. Ballard, Judge. E. S. Torrance,
Judge who ordered transcript made.

The facts are stated in the opinion of the court.

H. E. Doolittle, for Appellants.

L. L. Boone, for Respondents.

THE COURT. — In the memorandum of costs filed by in-
terveners is the item, "To reporter's fees, $114.87." Defend-
ants made a motion to strike from this item $92.37, upon the
ground that the amount was for reporter's fees for transcribing
the evidence for the use of interveners, and that no order was
ever made by the court authorizing the evidence to be tran-
scribed. The court made an order denying the motion, and

this appeal is from the order.   It is conceded that if the transcript was ordered by the court, the item was a proper charge. Being included in the verified memorandum of costs  properly filed, it is *prima facie* correct, and the burden is upon the moving party to show that the charge is not a legal and proper one.   In support of their motion, appellants offered the affidavit of their attorney, which stated that the amount was paid the "reporter for transcribing the evidence taken in the said case, upon the trial thereof, . . . for the use of said interveners."

In the bill of exceptions it appears that the attorneys all desired the evidence transcribed by the reporter, and after some conversation as to how the costs should be apportioned, the judge of the court remarked, "Yes; the testimony will have to be transcribed."   Thereupon the attorney for appellants, addressing the court said, "If the court please, I would like to know, for my own satisfaction, exactly what is going to be included in this item of costs."   The judge answered, "The reporter's fees and the transcript."   The attorney for appellants said, "And the transcript of the evidence?"   The judge answered, "Yes, sir.   I will order one transcript, — the court must have a transcript of this evidence."   The above is all that appears to have been said by the judge of the court as to ordering the evidence transcribed.   It appears from the conversation of counsel at the time the order was made, that it was understood that only one copy was ordered by the judge. It does not clearly appear from the record that only one copy was ordered, but conceding that the order was for one copy only, it does not appear that the item was not for such copy. There is not a word in the affidavit or the bill of exceptions to show or tending to show that the charge was for testimony transcribed for interveners without any order of court.   If such was the case, the appellants should have made it clearly appear.   The presumption in the lower court was in favor of the memorandum as filed.   The presumption here is in favor of the order of the lower court.   It is urged by appellants that the order for transcribing the notes was made by Judge Torrance, and that this court afterwards held that he was not qualified to try the case, and hence the order was void and the item thereof not a proper charge.   If this were a valid reason for rejecting the item, appellants could have availed themselves of it as to the reporter's *per diem*, witness fees, and other

items in the cost-bill. If costs are incurred in good faith, they are none the less a proper charge because the judge is afterwards found to be disqualified. The party who recovers is not to lose costs, that he necessarily incurred, because they were incurred under a void order. The judge at the time thought he was qualified to try the case, it was contended by appellants that he was qualified, and only after a trial and appeal to this court was it determined as a matter of law that he was disqualified. Costs are often incurred in the trial of cases where the jury disagrees, or in which a new trial is granted, or the verdict set aside as being void for some reason, in all of which cases the prevailing party recovers his costs finally. Witnesses are often procured at heavy expense, and their testimony for some reason is not needed or becomes immaterial, yet the party who is put to the expense, and incurs it in good faith, may recover it as part of his costs.

The order is affirmed.