TORRES, APPELLANT, *v.* IRIZARRY, RESPONDENT.

APPEAL from the District Court of Mayagüez.

No. 876.—Decided April 8, 1913.

COSTS—ATTORNEY'S FEES—PROCEDURE.—Questions relating to costs, disbursements and attorney's fees are governed by the special statute upon the sub-

ject, and in deciding such questions the special provisions of the statute must be followed and not the general provisions of the Code of Civil Procedure, except such as are applicable to supply deficiencies in the special statute.

ID.—OBJECTION TO MEMORANDUM OF COSTS—EVIDENCE.—The Act of March 12, 1908, concerning costs does not provide imperatively that the party entitled to costs, disbursements and attorney's fees is always bound to introduce evidence upon each and all of the items of the memorandum when there is objection thereto.

ID.—SWORN MEMORANDUM OF COSTS—PRESUMPTION.—A memorandum of costs which has been sworn to has in its favor the presumption that it is a true statement, and this court will not interfere with the action of the court below in approving a memorandum of costs unless it be shown that error has been committed.

The facts are stated in the opinion.

*Mr. José Sabater* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action brought in the District Court of Mayagüez by José Torres against Juan Irizarry, the defendant filed a sworn memorandum of costs and disbursements which the plaintiff was to pay to him and which consisted of four items aggregating $11, to wit: $5 for clerk's fees, the same amount for fees of five witnesses who testified during the trial, 50 cents for the fee of the notary who administered the oath to the memorandum, and 50 cents for serving a copy of said memorandum upon the plaintiff.

The plaintiff, Torres, filed a written objection to the first two items of the memorandum, alleging that the defendant, Irizarry, had not spent $5 for clerk's fees nor paid an equal sum for five witnesses' fees, because only three witnesses testified at the trial, and they were not entitled to fees because they are residents of the city of Mayagüez.

On the day set for the hearing on the memorandum of costs and disbursements counsel for the defendant was the only party present and he submitted the said memorandum to the consideration of the court, which by an order of May 20, 1912, decided that the defendant was entitled to recover from the plaintiff the entire amount of $11 claimed in the memo-

randum, from which order counsel for José Torres appealed to this court.

In support of his appeal the appellant alleges that the court below erred in approving the memorandum of costs without any evidence having been offered or taken with regard to its items, notwithstanding the objection of the adverse party, and in considering said items *prima facie* correct in the absence of proof to the contrary.

In deciding another appeal taken in this same case on May 3, 1912, from an order of the same court of Mayagüez holding that the plaintiff had withdrawn his objection to the memorandum of costs by his failure to appear to sustain his objection and approving the said memorandum, which order was reversed here, we stated that although Torres was the plaintiff in the action and Irizarry the defendant, in the incidental proceedings for the collection of costs the plaintiff proper was Irizarry, who filed the memorandum of costs, and Torres, who objected to it, was the defendant; but said statement does not imply, as the appellant herein seems to believe, that objections to a memorandum of costs shall be governed by the same provisions which the Code of Civil Procedure prescribes for the prosecution of an ordinary action. The questions relating to costs, disbursements, and attorney's fees are regulated by the statute authorizing the collection thereof and their decision should be governed by the special provisions therefor instead of the general provisions of the Code of Civil Procedure except such supplementary provisions as may be found applicable.

The Act to amend sections 327 and 339 of the Code of Civil Procedure, approved March 12, 1908, establishes the procedure to be followed in the collection of costs by the party to whom they have been allowed and expressly provides that the correctness of the memorandum of costs, disbursements, and fees should be sworn to by the party or by his attorney. By the same Act the adverse party may object to all or any of the items of the memorandum, the objections may be an-

swered, and after hearing the matter on the day set therefor and taking the pertinent evidence submitted by the parties, the court shall render its decision.

As may be seen, our statute does not provide imperatively that the party entitled to costs, disbursements and attorney's fees is always under obligation to introduce testimony upon each and all of the items of the memorandum when the same have been objected to.

. Such evidence is ordinarily found in the trial of the case where the costs originated, the judge will have it in view and pass upon it in deciding the question of costs, and very often it will not be necessary to repeat it. The correctness of the items of the memorandum of costs is guaranteed by the affidavit accompanying the same, while the objections made thereto are not so guaranteed.

In the case at bar it may be ascertained from the suit where the costs were incurred whether the secretary rendered any services to the defendant, Irizarry, or not, and what number of witnesses testified or appeared at the trial. The court below found from the facts attending the case that the memorandum of costs, the collection of which is involved herein, was correct, and this court cannot reverse such findings, inasmuch as it has not been shown wherein they are erroneous. There is a presumption that the memorandum of costs is correct, and that being the case it naturally follows that its several items are collectible. *Meyer* v. *City of San Diego,* 132 Cal., 35.

The order appealed from should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.