POLANCO, PLAINTIFF-APPELLANT, *v.* GOFFINET ET AL.,
DEFENDANT-APPELLANTS.

Appeal from the District Court of Humacao in an Action for the Annulment of Foreclosure Proceedings.—Memorandum of Costs.

No. 2677.—Decided July 6, 1922.

COSTS—JURISDICTION.—When the costs are imposed upon a party it can not be concluded that the order approving the memorandum of costs is erroneous because it was made by a judge other than the one who rendered the judgment.

ID.—ATTORNEY FEES.—In this case the plaintiff claimed in the memorandum of costs $12,000 for attorney fees without submitting any evidence and relying upon the showings of the record. The Supreme Court, after reviewing the expert testimony examined by the adverse party and considering all of

the attending circumstances, reduced to $1,500 the sum of $3,000 allowed by the trial court.

ID.—MARSHAL'S FEES.—An order which, in the absence of evidence, refuses to allow the fees of the marshal in so far as they exceed the amounts appearing from the record as having been paid to him is not erroneous.

ID.—COSTS ON APPEAL.—Costs paid to the stenographer for preparing the record for appeal to the Supreme Court can not be recovered.

ID.—In the third assignment of error the question was raised that as the opposition to the memorandum of costs was not sworn to and it not being formal, the item of disbursements should have been approved by the court. *Held:* That the question is without importance because the objection of failure to specify the disbursements made could be raised in the manner in which it was done and in any case the court had power to act.

The facts are stated in the opinion.

Messrs. *A. Sarmiento* and *J. Puig* for the plaintiff-appellant.

Mr. *H. G. Molina* for the defendant-appellants.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In the District Court of Humacao a certain action to annul the foreclosure of a mortgage was prosecuted. The plaintiff recovered judgment and filed a memorandum of costs amounting to $12,647.50. The defendants opposed it and the district judge disposed of the questions submitted as follows:

"On April 21, 1921, the plaintiff filed his memorandum of costs and disbursements containing the following items:

| | | |
|---|---|---:|
| 1. Fees of the marshal | _____ | $86.50 |
| 2. Fees of the clerk | _____ | 52.50 |
| 3. Expenses and disbursements | _____ | 508.50 |
| 4. Attorney fees | _____ | 12,000.00 |
| | Total _____ | $12,647.50 |

"The defendants opposed the items for fees of the marshal and clerk and, on the ground of lack of information, the item of expenses and disbursements because their origin was not specified and also because of lack of information, and the item of attorney fees as excessive.

"At the hearing the plaintiff offered no evidence and only submitted the matter on the record. The defendants examined evidence only as to what they consider a reasonable amount for attorney fees.

"We shall consider the items in the order in which they appear in the memorandum:

"1. From the record it appears that the marshal canceled internal revenue stamps paid for by the plaintiff to the amount of only $14.50, and as it does not appear that the marshal collected any other amount for fees, the item is approved for the said sum.

"2. From the record and the files it also appears that the clerk canceled ·internal revenue stamps paid for by the plaintiff and collected for certificates issued in connection with this suit for a total of $28.65, for which amount this item is approved.

"3. The plaintiff not having stated in detail the origin of the expenses and disbursements, the court is not in a position to decide as to this item amounting to $508.50. It is true that the statute does not imperatively require that the party entitled to costs, disbursements and attorney fees shall always offer and examine evidence of each and every one of the items contained in the memorandum when it is opposed, because such evidence will be found ordinarily in the record of the case in which the costs originated and the judge will have it before him in considering the matter of costs and it is not often necessary to examine any evidence (*González* v. *Collazo*, 25 P. R. R. 146), but in so far as disbursements are concerned it ·is necessary to specify their origin, to give an itemized statement of them and to establish the necessity and the payment of the expense when this does not appear from the record, inasmuch as the item can not be approved unless it is shown that the disbursements were actual and necessary.

"4. As to the item of attorney fees, from the showing of the record and the evidence examined, the court, considering the work done in the case before this court by the attorneys for the plaintiff and the amount, importance and result of the suit, is of the opinion that the sum of $3,000 is a reasonable and fair compensation for the services of the plaintiff's attorney and the said fees are fixed at that amount.

"Therefore, the defendants are adjudged to pay to the plaintiff as costs, disbursements and attorney fees the sum of $3,043.15 and the clerk will issue the corresponding writ of execution if the sum is not paid within the time fixed by law."

Both parties appealed. Their appeals were prosecuted and heard together and will be so disposed of.

1. The defendants maintain that the court erred (1) in

allowing attorney fees, and (2) in fixing their amount at $3,000.

In support of the first assignment the defendants cite section 327 of the Code of Civil Procedure and contend that in accordance with its provisions, strictly construed, the judge who made the order appealed from was without authority to act because he was not the same judge who presided at the trial of the action.

The law prescribes that fees and costs shall be allowed in the discretion of the judge who presides at the trial of the action or proceeding, and that was the case here. The attorney fees were allowed by the same judge who rendered the judgment which terminated the litigation. Some time passed. That judge was substituted by another and the newly appointed judge heard the special proceedings established by law for the collection of costs. He acted with full jurisdiction and in fixing the amount of the fees he was the judge who lawfully presided at the trial of the action or proceeding.

In the case of *Forés* v. *Balzac, ante,* p. 344, this court held as follows:

"When the costs are imposed upon one of the parties it is not error for a judge who did not render the judgment to approve the memorandum of costs."

In our opinion the second assignment of error is well founded. The plaintiff did not examine any new evidence. He relied upon the showings of the record. The defendants presented the testimony of attorneys González Fagundo and Arturo Aponte who have been engaged actively in the practice of their profession for several years. This testimony reveals a careful examination of the case and is clear and concise. On the strength of this evidence and after examination of all of the facts of the case, the court is of the opinion that the fees should be fixed at the sum of $1,500.

2. In the brief filed by the plaintiff in support of his appeal four errors are assigned.

The first refers to the reduction made by the court in the item of the memorandum for the fees of the marshal. If he believed that he was entitled to more because he had paid other sums to the marshal, he should have produced special evidence of the fact. He relied upon the record which showed only what the judge stated in his decision.

The second assignment is that the court should have included in the memorandum the amount paid to the stenographer for preparing the record for the appeal to the Supreme Court. This item was not specified in the memorandum. The decision of the court says nothing about it. The amount of it is not even fixed. Furthermore, he evidently referred to the costs of the appeal, of which the district court had no jurisdiction and which were not and could not be imposed.

The third assignment of error raises the question that as the opposition to the memorandum was not verified, the item of disbursements should have been approved by the court, citing the case of *Meyer* v. *City of San Diego,* 132 Cal. 35.

This question is without importance because the objection that the disbursements were not specified could be raised in the manner in which it was and whether or not it was so raised the court had power to act. The California case cited is not applicable. The following syllabus will be sufficient to show this:

"An item in a verified cost-bill, for fees paid to the reporter for transcribing the evidence, must be presumed to have been incurred for a transcript ordered by the court, and the burden is upon the party moving to strike it out to show that the charge was illegal, and that the transcript paid for was not ordered by the court; and it must be presumed, upon appeal, that the order refusing to strike it out was correct, in the absence of a clear showing to the contrary in the bill of exceptions." *Meyer* v. *City of San Diego,* 132 Cal. 35.

The fourth and last assignment of error refers to the

amount of the attorney fees. The plaintiff is of the opinion that more than $3,000 should have been allowed him, but we have already said that our opinion is that the allowance should have been less.

By virtue of all the foregoing the order appealed from must be modified so as to fix the amount of attorney fees at $1,500 and as modified

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.