POLANCO, DEMANDANTE-APELANTE-APELADO, *v.* GOFFINET ET AL., DEMANDADOS-APELADOS-APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre nulidad de procedimiento ejecutivo (memorándum de costas).

No. 2677.—Resuelto en julio 6, 1922.

COSTAS—JURISDICCIÓN DEL JUEZ QUE APRUEBA EL MEMORÁNDUM.—Condenada una parte al pago de costas, no puede concluirse que la resolución aprobando el memorándum de costas sea errónea por el hecho de haber sido dictada por un juez que no fué el que dictó la sentencia condenatoria.

ID.—CUANTÍA DE LOS HONORARIOS—PRUEBA DEL VALOR DE LOS HONORARIOS.—En el presente caso el demandante reclamó en el memorándum $12,000 por honorarios de abogado sin practicar prueba, ateniéndose a las resultancias de los autos. La Corte Suprema, por el mérito de las declaraciones periciales aportadas por la parte contraria, y atendidas todas las circunstancias concurrentes, rebajó a $1,500 la suma de $3,000 concedida por la corte inferior.

ID.—PRUEBA DE LA CUANTÍA DE LAS COSTAS.—No es errónea una orden que en ausencia de prueba niega el pago de costas devengadas por el marshal en tanto en cuanto excede de las cantidades que según los autos fueron pagadas a dicho funcionario por tal concepto.

ID.—COSTAS EN APELACIÓN.—Costas pagadas al taquígrafo por la preparación del record para apelación a la Corte Suprema, no pueden ser recobradas.

ID.—IMPUGNACIÓN AL MEMORÁNDUM NO JURADA.—En el tercer señalamiento de error se levantó la cuestión de que no habiéndose jurado la impugnación ni siendo ésta formal, la partida de desembolsos debió ser aprobada por la

corte. *Se resolvió:* que la cuestión carece de importancia porque la objeción de que no se especificaban cuáles eran los desembolsos hechos, pudo levantarse en la forma en que se hizo y levantada o no la corte tenía facultad para actuar.

Los hechos están expresados en la opinión.

Abogados del demandante-apelante-apelado: *Sres. A. Sarmiento* y *J. Puig.*

Abogado de los demandados-apelados-apelantes: *Sr. H. G. Molina.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

En la Corte de Distrito de Humacao se siguió cierto pleito sobre nulidad de procedimiento ejecutivo hipotecario. La parte victoriosa, el demandante, archivó un memorándum de costas ascendente a $12,647.50. Los demandados lo impugnaron y el juez del distrito resolvió la cuestión sometídale así:

"El demandante, en 21 de abril de 1921, radicó su memorándum de costas y desembolsos, que contiene las siguientes partidas:

"1. Honorarios del marshal _____ $   86.50
"2. Honorarios del secretario _____ $   52.50
"3. Gastos y desembolsos _____ $  508.50
"4. Honorarios de abogado _____ $12,000.00
                                             ──────────
     "Total _____ $12,647.50

"Los demandados han impugnado este memorándum en cuanto a las partidas por honorarios del marshal y del secretario, por carecer de información; en cuanto a los gastos y desembolsos, por no especificarse el origen de los mismos y carecer también de información y en cuanto a los honorarios de abogado, por excesivos.

"En el acto de la vista, el demandante no practicó prueba alguna y se limitó a someter el caso por las resultancias de autos, practicándose prueba por los demandados sólo en cuanto se refiere a la cantidad que entienden deben razonablemente satisfacer por honorarios de abogado.

"Consideraremos las partidas por el orden en que constan en el memorándum:

"1. De los autos del pleito aparece que sólo se ha cancelado por

el marshal en sellos de rentas internas pagados por el demandante la suma de $14.50, y no apareciendo que este funcionario hubiera cobrado ninguna otra cantidad por honorarios, se aprueba esta partida por dicha suma.

"2. De los autos y de los records también aparece que el secretario ha cancelado en sellos de rentas internas de parte del demandante y cobrado por certificaciones expedidas al mismo en relación con este pleito, la suma de $28.65, por cuya cantidad se aprueba esta partida.

"3. Esta partida, ascendente a $508.50, no habiendo la parte demandante expresado el origen de los gastos y desembolsos, ni detallado éstos, la corte no está en condiciones de resolver con respecto a los mismos. Es cierto que el estatuto no exige por modo imperativo que la parte con derecho al cobro de costas desembolsos y honorarios de abogado, esté siempre en el deber de ofrecer y practicar prueba sobre todas y cada una de las partidas del memorándum cuando hubiere impugnación, porque esa prueba ordinariamente se encontrará en el mismo juicio en que se han originado las costas y el juez la tendrá a su vista y consideración al resolver el incidente, no habiendo muchas veces necesidad de que se practique (*González* v. *Collazo,* 25 D. P. R. 157), pero es necesario en cuanto a los desembolsos se refiere, que se especifique el origen de los mismos, que se particularicen y que se justifique el pago y necesidad de la erogación, cuando esto no apareciere de los autos, ya que no pueden ser aprobados sin demostrarse si fueron hechos y si eran necesarios.

"4. En cuanto a la partida que se cobra por honorarios de abogado, por el resultado de los autos del pleito y la prueba practicada, la corte estima, consideradas las actuaciones y trabajo llevado a cabo en este caso y en esta corte por los abogados del demandante, la cuantía, importancia y resultado del pleito, que una suma de $3,000 es justa y razonable por el valor de los servicios de abogado del demandante y en esta cantidad se fijan dichos honorarios.

"Por tanto, se condena a los demandados a pagar al demandante, en concepto de costas, desembolsos y honorarios de abogado, la suma de $3,043.15; debiendo el secretario expedir la correspondiente orden de ejecución si no se pagare dentro del término que señala la ley."

Ambas partes apelaron. Sus recursos se tramitaron y vieron conjuntamente y de igual modo serán resueltos.

1. Sostienen los demandados que la corte erró: 1, al con-
ceder honorarios y 2, al fijarlos en tres mil dólares.

Para fundar el primer error invocan los demandados la
sección 327 del Código de Enjuiciamiento Civil y sostienen
que de acuerdo con lo dispuesto en dicha sección interpre-
tada estrictamente, no siendo el juez que dictó la resolución
apelada el que tuvo conocimiento de la acción, carecía de
facultad para actuar.

La ley prescribe que los honorarios y costas serán con-
cedidos a discreción del juez que tenga conocimiento de la
acción o procedimiento, y así sucedió en este caso. Los hono-
rarios se concedieron por el propio juez que dictó la senten-
cia que puso término al litigio. Transcurrió algún tiempo.
El juez sentenciador fué sustituído por otro. Y a este otro
le tocó intervenir en el procedimiento especial que fija la
ley para el cobro de las costas. Y él actuó con plena juris-
dicción, siendo al fijar la cuantía, el juez que legalmente tenía
conocimiento de la acción o procedimiento.

Ya en el caso de *Forés.* v. *Balzac,* 30 D. P. R. 370, esta
corte resolvió lo que sigue:

"Condenada una parte al pago de costas, no puede concluirse que
la resolución aprobando el memorándum de costas sea errónea por
el hecho de haber sido dictada por un juez que no fué el que dictó
la sentencia condenatoria."

El segundo error está bien fundado a nuestro juicio. El
demandante no practicó nueva prueba. Se atuvo a las resul-
tancias de los autos. Los demandados presentaron como
prueba las declaraciones de los abogados González Fagundo
y Arturo Aponte que llevan varios años en el ejercicio activo
de su profesión. Ambas declaraciones revelan un examen
detenido del pleito y son claras y precisas. Por el mérito
de ellas y por un examen de todas las circunstancias concu-
rrentes, la corte estima que los honorarios deben fijarse en
mil quinientos dólares.

2. En el alegato archivado por el demandante para sostener su recurso se señalan cuatro errores.

El primero se refiere a la rebaja hecha por la corte a la primera partida del memorándum o sea a los honorarios del marshal. Si la parte creyó que tenía derecho a más por haber pagado otras cantidades al marshal, debió haber presentado prueba concreta sobre ello. Se atuvo a los autos y los autos sólo demostraron lo que expresa el juez en su resolución.

En el segundo error se sostiene que la corte debió haber incluído en el memorándum la cantidad pagada al taquígrafo por la preparación del record para la apelación que se interpuso para ante esta Corte Suprema. En el memorándum no se especificó esa partida. Nada dice la resolución de la corte sobre ella. Ni siquiera se fija su montante. Además, evidentemente se refería a las costas de la apelación que estaban fuera del alcance de la corte de distrito y que no fueron ni pudieron ser impuestas.

En el tercer señalamiento de error se levanta la cuestión de que no habiéndose jurado la impugnación ni. siendo ésta formal, la partida de desembolsos debió ser aprobada por la corte, citándose el caso de *Meyer* v. *City of San Diego,* 132 Cal. 35.

Esta cuestión carece de importancia porque la objeción de que no se especificaban cuáles eran los desembolsos hechos, pudo levantarse en la forma en que se hizo y levantada o no la corte tenía facultad para actuar. El caso de California invocado no es aplicable. Basta leer su resumen que dice así:

"Una partida en un memorándum de costas hecho bajo juramento, por honorarios pagados al taquígrafo por transcribir la evidencia, debe presumirse que es un gasto incurrido por una transcripción ordenada por la corte, e incumbe a la parte que solicita su eliminación el demostrar que la misma era ilegal, y que la transcripción por la cual se pagó no fué ordenada por la corte; y debe presumirse,

en apelación, que la orden negando la eliminación fué correcta, en ausencia de una clara demostración de lo contrario en el pliego de excepciones.'' *Meyer* v. *City of San Diego*, 132 Cal. 35.

El cuarto y último señalamiento de error se refiere a. la cuantía de los honorarios. El demandante estima que debió concedérsele más de tres mil dólares, pero ya hemos consignado que a nuestro juicio debió concedérsele menos.

Por virtud de todo lo expuesto debe modificarse la resolución apelada fijando los honorarios en mil quinientos dólares, y así modificada, confirmarse.

> *Modificada la resolución apelada en el sentido de que los demandados paguen por costas, desembolsos y honorarios, $1,543.15, y así se confirma.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.