[Sac. No. 4001. Department Two.—August 8, 1928.]

TULARE IRRIGATION DISTRICT et al., Appellants, v. LINDSAY-STRATHMORE IRRIGATION DISTRICT, Respondent.

W. R. Bailey, Wheaton A. Gray and Farnsworth, Burke & Maddox for Appellants.

Sloss & Ackerman, W. G. Irving and Power & Mac-Fadzean for Respondent.

SHENK, J.—This is an appeal by the plaintiffs from an order taxing costs.

The main action is one to determine conflicting claims to water rights. It was commenced on July 15, 1916. Upon issue joined two trials were had. The first trial was commenced on October 16, 1917, before the Honorable W. B. Wallace, since deceased. After the cause was submitted for decision the court indicated that judgment would be ordered for the plaintiffs. Whereupon the defendant instituted proceedings in this court to prohibit the trial judge from making any further order in the cause on the ground that he was disqualified on account of interest in the subject matter of the litigation. The peremptory writ was granted. (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187 Pac. 1056].) The second trial commenced on November 28, 1921, before the Honorable Albert Lee Stephens, Judge Presiding. Before judgment was entered on the second trial a petition for a writ of prohibition to test the validity of a contemplated injunctive order pending appeal was filed in this court and the peremptory writ was denied. (*Tulare Irr. Dist.* v. *Superior Court,* 197 Cal. 649 [242 Pac. 725].) On May 16, 1925, findings of fact and conclusions of law in favor of and awarding costs to the plaintiffs herein were signed and filed. On May 21, 1925, the plaintiffs served and filed their cost bill aggregating $22,534.80. In this cost bill the plaintiffs included their items of costs on the first trial in the total sum of $11,875.40, which was made up of the following items: $820 on account of one-half of the reporter's per diem; $8,912 on account of one-half of the cost of the reporter's transcript, and $2,143.40 on account of witness fees and mileage. On the defendant's motion to tax costs, the court entered an order striking out the items of costs claimed by the plaintiffs on account of the first trial and taxed the costs at the sum of $10,659.40. This appeal is from that portion of the order which struck out the costs incurred at the first trial.

Two bills of exceptions were prepared and settled, the first by the Honorable Frank Lamberson, one of the regular judges of the superior court in and for the county of Tulare and the successor in office of Judge Wallace. This bill of exceptions was settled on September 20, 1926, and set forth, among other things, the record of a stipulation, made in open court and entered in the minutes, between counsel for the respective parties, on October 27, 1917, and during the

course of the first trial. That stipulation was to the effect that the official reporter transcribe three copies of the testimony and proceedings taken and to be taken during the trial, one copy for each side and one copy for the court, "each party to pay one-half of the cost thereof, the prevailing party to recover the amount so paid by it as costs expended herein." The second bill of exceptions was settled by the Honorable Albert Lee Stephens, Judge Presiding, and set forth, among other things, the complaint, the answer, and the plaintiffs' memorandum of costs and disbursements, which includes in detail the items claimed by the plaintiffs for reporter's fees and costs, witness fees, and mileage, on account of the proceedings in both trials.

The motion to tax costs by striking out all of the items pertaining to the first trial was made on the following grounds: "A—Because each such item and every part thereof is not legally chargeable as costs in this action, and not a necessary disbursement therein; and B—Also because the proceeding in which each and all of such items and expenses are alleged to have been incurred was *coram non judice*, and one of which the above entitled Court did not have jurisdiction, all its acts in said proceeding, including the taking of testimony and evidence, being null and void." The motion was based on the papers, records, and files, including minute entries and minute orders entered by the clerk of the superior court in said action and on "the papers, records, files, orders and judgment of the Supreme Court of the state of California, in the case of *Lindsay-Strathmore Irrigation District* v. *Superior Court of the County of Tulare, State of California,* decided on the 20th day of February, 1920, and reported in Vol. 182 commencing at page 315." No affidavit or other evidence was presented to the trial court to show that the items complained of were not necessarily incurred or were not proper disbursements on the former trial.

The record shows that in the trial court the defendant placed its sole reliance on the contention that the costs on the first trial were not legally chargeable in that they were incurred on a trial which could result in no legal judgment because the trial judge was disqualified. However, it is not now contended that the disqualification of the judge on a former trial would prevent the allowance of costs to

the prevailing party on the second trial if such costs are otherwise properly chargeable. That such costs are allowable is settled by the case of *Meyer* v. *City of San Diego,* 132 Cal. 35 [64 Pac. 124]. (See, also, *Senior* v. *Anderson,* 130 Cal. 290 [62 Pac. 563]; *Stoddard* v. *Treadwell,* 29 Cal. 281.)

In support of this appeal the defendant relies on the familiar rule that all intendments are in favor of the ruling of the court and that any alleged error must appear on the face of the record on appeal, and it is contended that the Lamberson bill of exceptions may not be considered in deciding the appeal on its merits, and that error is not shown by the Stephens bill of exceptions which, it is argued, must be held to comprise the entire record on appeal. Considering the Stephens bill of exceptions alone, it appears therefrom that the items for reporter's fees and transcript in the proceedings before Judge Wallace were claimed "pursuant to stipulation of October 27, 1917," and that the items for similar costs in the proceedings before Judge Stephens were claimed "pursuant to stipulation of November 28, 1921." The costs claimed pursuant to the stipulation last mentioned were allowed and are not questioned. The record in the Stephens bill of exceptions with reference to the stipulation is precisely the same as the record of the stipulation in the proceedings before Judge Wallace, except only as to the date. In other words, the record as to the one item is the same as the record as to the other item and no reason appears why the one was allowed and the other rejected except the untenable reason that the costs on the former trial were not legally chargeable. It is not contended by the defendant that the stipulation of October 27, 1917, was not entered into, but only that, without the aid of the Lamberson bill of exceptions, the record does not show that it was entered into. We think it sufficiently appears from the Stephens bill of exceptions, in the absence of some showing to the contrary, and there was none, that the costs on the former trial were necessarily incurred and that they were legally chargeable pursuant to stipulation. Furthermore, we would not feel justified in disregarding the Lamberson bill of exceptions. Its sole purpose was to set forth the record of the stipulation of October 27, 1917. This stipulation was entered in the minutes in the proceedings before Judge Wallace. Section 653 of the Code of Civil Procedure provides that a

judge may settle a bill of exceptions after, as well as before he ceases to be such judge; that if the judge dies, or if there is no mode prescribed by law for the settlement of a bill of exceptions, it shall be settled and certified in such manner as the supreme court may, by its order or rules, direct.

Rule XXVII of this court, in effect at all of the times here in question, provided that when the judge before whom an action was tried is dead any unsettled bill of exceptions may be settled and certified by his successor in office. It appears on the face of the Lamberson bill of exceptions that Judge Wallace was dead at the time the said bill was settled and that Judge Lamberson was his successor in office. Although the stipulation of October 27, 1917, was not entered into in the proceedings before Judge Stephens, the record of said stipulation was before him on the motion to tax costs and there would appear to be no doubt that the bill of exceptions settled by him appropriately could have set forth the record of said stipulation. However, when said record was incorporated in a bill of exceptions settled by the successor in office of the deceased judge, we think the statute and the rule of the court were applicable and were complied with.

The Stephens bill of exceptions shows that the memorandum of costs was duly verified. As such it constituted a *prima facie* showing that the items therein were necessarily expended or incurred, and unless controverted should control the decision of the trial court where, as here, the charges appear on the face thereof to be for proper and necessary disbursements. (*Fay* v. *Fay*, 165 Cal. 469 [132 Pac. 1040]; *Miller* v. *Highland Ditch Co.*, 91 Cal. 103 [27 Pac. 536].)

No satisfactory reason appears on the record before us, with or without the Lamberson bill of exceptions, why the defendant should not be held to its stipulation. The order appealed from is therefore reversed, with directions to the trial court to enter a judgment for costs in favor of the plaintiffs in the sum of $22,534.80.

Richards, J., and Langdon, J., concurred.