232 P.2d 478

**LUJAN v. McCUISTION.**

No. 5354.

Supreme Court of New Mexico.

June 12, 1951.

James L. Briscoe, Tucumcari, for appellant.

J. V. Gallegos, Tucumcari, for appellee.

LUJAN, Chief Justice.

Wayne McCuistion appeals from a judgment upon a verdict recovered by J. P. Lujan for damages resulting from an alleged breach of a partido contract for the care of sheep. These parties appear here in the same order as in the trial court and for convenience are hereafter referred to as plaintiff and defendant.

In August, 1948, the parties entered into an oral agreement by the terms of which plaintiff agreed to care for, pasture, feed, water and salt approximately 1277 ewes belonging to the defendant. The defendant furnished the ranch upon which the sheep were kept. For the services so rendered by plaintiff, defendant agreed to pay him one-third of the crop of lambs raised as well as one-third of the wool produced. In July, 1949, the defendant terminated the contract and took the sheep out of the possession of plaintiff on the basis that he had neglected to properly care for them.

The relationship thus created by the agreement is that of bailor and bailee and the title to the sheep covered thereby, together with their increase, remained in the original owner of the sheep until the termination of the agreement, when a division was to be made according to its terms.

In the absence of special agreement, it was plaintiff's duty, while in possession of the sheep under his agreement to properly keep, feed, water, salt and otherwise care for them. However, plaintiff did not insure them, nor agree to replace any which perished from natural causes or accident without fault on his part. He was only bound to the honest exercise of ordinary diligence. Thus, where the parties fail to expressly define their relative duties in that particular, the law requires of the bailee the care and diligence in conserving the property intrusted to him which persons of ordinary diligence and prudence bestow toward such property, or upon their property, under like circumstances. See Waldo v. Beckwith, 1 N.M. 97.

The rule is stated in 3 Corpus Juris Secundum, Animals, § 17(c) p. 1108, as follows: "In the absence of special agreement, an agistor is bound to exercise ordinary diligence in keeping, feeding, sheltering, and otherwise caring for animals committed to his custody, and is liable for loss or injury to the animals resulting from his breach of such duty; exercise of ordinary care satisfies the agistor's obligation, he is not an insurer; and he may not be held responsible for loss or damage occurring without his fault."

While the bailee is not an insurer against injury to or loss of the subject matter intrusted to his keeping, he is bound to take reasonable care thereof, and injury or loss resulting from common casualties that could have been averted by the exercise of

such ordinary care constitutes negligence for which he would have been responsible. Ordinary care is that degree of care which it is presumed an ordinarily careful and prudent person would have exercised under the same circumstances with reference to his own property. Waldo v. Beckwith, supra. The jury in the instant case found that the loss of and damage to the property was without plaintiff's fault.

We believe there is no merit in defendant's claim of error, on account of the court's refusal to give his requested instructions which read as follows:

"3. In considering the degree, skill and diligence with which the plaintiff should discharge the obligations assumed by him you should consider the manner in which the defendant discharged the obligations assumed by him in connection with the subject matter of the agreement, the quality of the sheep bought, the quality of the pasturage furnished, and the attitude and conduct of the defendant generally with regard to his obligations under his agreement with the plaintiff.

"6. You are instructed with a contract of employment by which the employee is to be rewarded for skill and diligence and where the nature of the employment is such that the employer can not observe regularly and frequently the conduct of the employee and where valuable property of the employer is placed in the control of the employee, the employee is obligated to exercise a high degree of diligence in caring for the property of the employer."

The law as to matters presented by the above instructions was sufficiently covered by the instructions given by the court, particularly the following ones:

"6. Should you believe from a preponderance of the evidence that the plaintiff did not faithfully discharge the obligations assumed by him in his agreement with the defendant the lack of knowledge of the plaintiff in connection with his duties under such an agreement does not excuse his failure to comply with his agreement.

"7. If you believe from a preponderance of the evidence that prior to the time the defendant took the control of the sheep out of the hands of the plaintiff in the early part of July, 1949, the plaintiff had breached his contract by his failure to care for the sheep with skill and diligence, then the defendant had the right to take such sheep out of the hands of the plaintiff and terminate the contract." ·

The principles controlling our decision are that all instructions must be considered together; instructions are sufficient if they present the law of the case; they are sufficient if all taken together present the law of the case; requested instructions are properly refused when those given cover those requested. This rule is too familiar to need citation of precedents. Defendant is in no

position to complain as the rendered instructions were more favorable to him than he was entitled to as the plaintiff was only required to use ordinary care in caring for the sheep.

 The third error complained of by the defendant is based on the court's overruling his motion to instruct the jury "that the facts stated in supplemental pleading of defendant were agreed by the parties to be facts which the jury should consider." During the trial there was a stipulation entered into by respective counsel substantially covering the matter set out in the supplemental pleading which defendant now says should have been included in the instructions. Moreover, the trial court furnished defendant with a copy of the instructions given by it and defendant announced that he had no objections to them. Also, the record discloses that the motion was made after the jury had already been instructed and retired. The defendant did not tender a requested instruction in writing as is provided for by Rule 51 of the Rules of Civil Procedure, 1941 Comp. § 19-101. Cf. Laws v. Pyeatt, 40 N.M. 7, 52 P.2d 127. Likewise, there is no merit to this assignment.

The allegations of paragraphs 6(e) and 11(b) of the answer and defense are not germane to the issue tendered by the plaintiff. The facts alleged in said paragraphs do not constitute a defense to this action. They are irrelevant and immaterial, and do not affect the right of the plaintiff to recover. These paragraphs were properly stricken from the answer on motion of the plaintiff.

Finding no reversible error the judgment is affirmed and it is so ordered.

SADLER, McGHEE, COMPTON and COORS, JJ., concur.