374 P.2d 289

James R. MILLS, Plaintiff-Appellee and Cross-Appellant,

v.

SOUTHWEST BUILDERS, INC., a corporation, and Roland R. Bierner, Defendants-Appellants and Cross-Appellees.

No. 6889.

Supreme Court of New Mexico.

Aug. 30, 1962.

W. C. Whatley, R. E. Riordan, Las Cruces, for appellant.

J. D. Weir, J. R. Crouch, Las Cruces, for appellees.

MOISE, Justice.

About 3:00 or 4:00 p. m. on January 12, 1957, Donald L. Lyles, having just purchased a second hand 1955 Buick sedan, picked up James R. Mills, the plaintiff-appellee, at his home in Las Cruces, to show off the car. Appellee got in the front seat of the car and Lyles then drove to the home of another friend, Lewis J. Braddi, who together with wife, Joyce, got into the back seat to go for a ride. Lyles, with his three passengers, proceeded to Sierra Drive and turned and proceeded north on this street. The speed limit was 40 miles per hour, and Lyles was not exceeding the speed limit.

Just before the accident which gave rise to this law suit, a ton-and-a-half Ford truck belonging to defendant-appellant, Southwest Builders, Inc., and driven by defendant-appellant, Roland R. Bierner, with one Juan Porris riding alongside him, was also proceeding north along Sierra Drive, and not exceeding the speed limit. Just before reaching a point where Sierra Drive intersects an east-west street known as Encina Street, there was at least one other car following appellant's truck, and this car was being followed by Lyles accompanied by his three passengers.

Although there is conflict in the testimony, it would appear that Lyles pulled out of his lane to the left, accelerated his car and started to pass the car and truck that were ahead of him. At the same time the truck started a turn onto Encina Street, or onto a roadway across a vacant lot on the left that led into Encina Street. Appellant's truck was equipped with mechanical signals but they were not in working order. Appellant, Bierner, corroborated by his passenger, Juan Porris, testified that some 200 feet before starting his turn, he held his left hand out straight to signal his intention. Appellee, corroborated by Mr. and Mrs. Braddi who were passengers with him in the Lyles car, testified that no signal of any kind was given. Also, while it is clear that Lyles accelerated the speed of his car from the 35 to 40 miles per hour he had been traveling while following the truck, it is not certain how fast he was going at the time of the collision. Appellant asserts that Lyles admitted he was going 70 miles per hour.

The right side of the Lyles car and the left side of the truck collided some place to the left of the center line of the street. The car overturned and appellee was injured. To recover for these injuries this suit was instituted. The jury found the

issues in favor of appellee and awarded him $20,000.00 damages. This appeal followed.

Appellants argue three points. First, they assert that the court erred in submitting the case to the jury because of an absence of evidence showing appellant, Bierner, was negligent. Error is next claimed because of the court's refusal to instruct the jury on appellants' theories of the case which it is asserted were supported by substantial evidence. Third, it is argued that certain of the instructions given by the court were erroneous.

■■ We have reviewed the evidence and although, as stated, there are contradictions therein, we are convinced that there is substantial evidence which supports a finding of negligence on the part of appellant, Bierner. Accordingly, the court did not err in overruling appellants' motion for a directed verdict at the close of appellee's case and Point I is overruled. Reid v. Brown, 56 N.M. 65, 240 P.2d 213.

■■ Appellants' Point II is likewise without merit. Their position is that in their fourth defense they raised the defense that the driver, Lyles, was contributorily negligent and that appellee and Lyles were engaged in a joint venture, and there being evidence in the record to sustain these defenses the court erred in not instructing the jury thereon. The law in this jurisdiction supports the position that the jury must be instructed on defenses pleaded which are supported by evidence. Stewart v. Oberholtzer, 57 N.M. 253, 258 P.2d 369; Hanks v. Walker, 60 N.M. 166, 288 P.2d 699; McFatridge v. Harlem Globe Trotters, 69 N.M. 271, 365 P.2d 918.

We have examined appellants' fourth defense and find clearly stated there allegations that the driver, Lyles, and appellee were engaged in a joint venture; that Lyles, the driver, was negligent, and that his negligence is imputed to appellee.

■■ In our view of this plea, it raised an issue of joint venture, and if substantial evidence to support a finding of joint venture was present, the jury should have been instructed concerning the defense. Appellants assert such evidence is present in the proof that Lyles had just bought the car and that appellee was a mechanic and was being taken on the ride so as to assist in road testing the car. The difficulty with this position lies in the fact that there is not one word of evidence to support the conclusion that they were engaged in a joint venture. Appellee denied it, and no witness contradicted him. Appellants' reference to the police officer's testimony that Lyles had stated that at the time of the accident he was road testing the car in no way conflicts with appellee's position that they were only out for a ride, nor is it substantial to raise an issue of joint venture. Compare, Davis v. Hartley, 69 N.M. 91, 364 P.2d 349. Accordingly, it was not error to refuse to

submit the issue. Madsen v. Read, 58 N.M. 567, 273 P.2d 845; Davis v. Jones, 60 N.M. 470, 292 P.2d 773; McFatridge v. Harlem Globe Trotters, supra. By the same token, it was not error to refuse appellants' requested instructions which relate to questions incident to joint venture.

What is the situation concerning the claimed defense of contributory negligence? First, as we interpret the fourth defense, it raises no issue of contributory negligence. As stated above, it does contain an allegation that because of the joint venture the alleged negligence of Lyles is imputed to appellee. However, as part of their argument under this point appellants contend that a question of appellee's negligence was present in the proof that he gave no warning to Lyles when he observed him exceeding the lawful speed, and observed him attempting to pass the truck when within 100 feet of an intersection. To this end the court's refusal to give appellants' requested instruction 5 is claimed to be error. The requested instruction read:

"5. If you find from the evidence in this case that the plaintiff was riding in the front seat of the Lyles automobile and if at the same time you find that said Lyles automobile was being driven at a rate of speed in excess of that which was allowed by statute and the ordinances of the City of Las Cruces, and if you find that Lyles, driving his automobile with the plaintiff riding in the front seat thereof with him, had turned his said automobile to the left hand side of the street when he was within 100 feet of the intersection of that street with Encina Street, then it became and was the duty of the plaintiff to warn said Lyles of the presence of the intersection of Encina Street with Sierra Street, and if you should further find the plaintiff failed to give any such warning, then the plaintiff was himself negligent, and if you should determine that his negligence in this respect contributed to the collision of the Lyles automobile with the defendants' truck, your verdict must be for the defendants."

Appellants then cite Silva v. Waldie, 42 N.M. 514, 82 P.2d 282, and the court's statement there to the effect that a driver's negligence is not to be imputed to a guest, "But the guest is not absolved from personal care for his own safety. He must use such care as an ordinarily prudent person would exercise under the circumstances." We observed in Zamora v. Smalley, 68 N.M. 45, 358 P.2d 362, that the question of the guest's contributory negligence was present in Silva v. Waldie, supra. We think appellants' argument can be disposed of by pointing out first that appellee's negligence as a guest was not pleaded, and second, instruction 5 quoted above is a far cry from advice to the jury that, even though

a guest, appellee had a duty to act as a reasonably prudent person in the circumstances. The instruction would make him negligent, and bar recovery if he did not speak up and warn the driver if the car was being driven above the legal speed limit, or if any other law of the road was being violated. Clearly, this is not the law, and never has been and the limits of the guest's duty is to remonstrate with the driver if a reasonably prudent person would have done so under the circumstances. Silva v. Waldie, supra.

Appellant's third point is an attack on instructions given by the court. They first complain of Instruction 9.

■ Concerning appellants' first argument that their theory of contributory negligence argued under Point II is not included, what is said above in disposing of that point is sufficient answer. Next, it is argued that, as framed, the instruction removed from consideration of the jury the effect of the sole negligence of the driver, Lyles. We don't find the instruction defective in this regard. As has already been pointed out, except under the circumstances noted, if appellee was a guest the negligence of the driver is not to be imputed to him, Silva v. Waldie, supra, and accordingly was not to be considered by the jury.

■ We also note that in Instruction No. 6 the jury were advised that if Lyles' negligence was found to be the sole cause of the accident the judgment should be for defendants. As we have said many times, the instructions are all to be considered together, and if, when so considered, they fairly present the law applicable, that is all that is required. Lujan v. McCuistion, 55 N.M. 275, 232 P.2d 478; Barakos v. Sponduris, 64 N.M. 125, 325 P.2d 712.

Objection was made to Instructions 10 and 11. These two instructions merely quote §§ 64–28–1(b) and 64–18–25(b), N.M. S.A.1953. Objection made at the time of trial was limited to the point that false issues not covered by the pleadings and proof were thereby injected. Here, appellants also argue that instructions 10 and 11 are abstract statements of law and tend to confuse the jury. Instruction 12 is a quote of § 64–18–24(b), N.M.S.A.1953, but no objection was voiced as to it.

■ While abstract statements of rules of law, in no way connected with the issues and proof in a case, are not to be given, reversible error does not result if there is no prejudice, or the jury is not misled. Mitchell v. Allison, 54 N.M. 56, 213 P.2d 231. Neither is it error to state the law applicable to the case by stating the contents of the pertinent statutes. Hartford Fire Insurance Company v. Horne, 65 N.M. 440, 338 P.2d 1067. We don't understand that each instruction must within its own limits contain all the elements and con-

**414**

siderations entering into the case. This is the basis of our rule that the instructions must all be considered together. McFatridge v. Harlem Globe Trotters, supra. In the instant case, instruction 13, also complained about as hereinafter noted, ties the statutes in with the facts of the case and this is sufficient.

Appellants complain that § 64–18–21(b), N.M.S.A.1953, quoted in instruction 10, is incomprehensible. Although not in the clearest language, we would not so describe it. It can be understood and its intent is obvious.

It is complained that neither instruction 10 nor 11 was within the issues. We don't understand appellants' point as to the instruction which sets forth the method to be followed in making turns at intersections of two streets or roadways with two-way traffic. As we view the record, appellants have at all times contended that the accident happened at such an intersection, whereas appellee was of the opinion it happened where a road led from the travelled street angling across a vacant lot, and that the accident did not happen at an intersection. Appellants, under the circumstances, cannot object to the jury being instructed as to the law applicable at intersections.

Instruction 11 covers the statutory requirement of mechanical turning signals on trucks of a certain size. Appellants contend that negligence for failure to have mechanical turning devices was not pleaded or proved. That sufficient proof on this question was introduced is clear. It is true that if the truck was proved to be of a certain size, mechanical turning signals were required and their absence would be negligence per se from which liability could be found if this negligence was the proximate cause of the accident. No claim for damages because of the equipment not meeting legal requirements is stated. However, negligence based on turning without warning in violation of law is alleged and instruction 13 advises the jury, among other things, that failure to give a signal "as required by law" is negligence per se and if the default contributed to or was a proximate cause of the accident plaintiff could recover. As we view the matter, if the truck was of a size so that the law requires mechanical signals, and no mechanical signal was given, this would be within the plea of turning "without warning, and in a careless and negligent manner and in violation of the laws of the State of New Mexico * * *." Accordingly, it was not error to give instruction 11 which explains the requirement for mechanical signals.

Mention should also be made of the fact that instruction 21 further explained the duties concerning equipping trucks of a certain size with mechanical signals, who had the burden of proof in this regard, and

under what circumstances this evidence was pertinent and to be considered. Appellants voiced no objection to the jury being so instructed.

Appellants assert that instruction 13 was improper for four reasons, viz., (1) there was no evidence to support such an instruction; (2) it was not applicable to the facts surrounding the accident; (3) it improperly placed on appellants the duty to see the Lyles car; and (4) the conclusion of the instruction was wrong as to form in that it advised the jury that if defendant was found to have acted negligently and the acts of negligence proximately contributed to or caused the accident, judgment should be for plaintiff without setting forth the circumstances under which this would not be true.

As we have already pointed out above, there was evidence of negligence to go to the jury and it was proper to give the instruction. Points 1 and 2 accordingly are without merit. Reason 3 also avails appellants nothing as is demonstrated by our discussion post of their objections to instruction 16. As to the fourth reason advanced, it is sufficient to point out that by nothing stated in the exceptions taken to the instruction is it remotely intimated that appellants were complaining of the mandatory form of the instruction. It is stated that the instruction is "not complete" but without further elucidation the court could not be held in error 'for failing to understand that by this language it was intended to point out that circumstances under which the rule would not be applicable were not included. Under the rule as stated in Zamora v. Smalley, supra, the exception, not being such as to clearly inform the trial judge of the defect now complained about, is not a proper basis for review in this court. See, also, Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798.

Complaint is made of instruction 16, reading as follows:

"16. I further instruct you that it was the duty of the driver of the truck in this case before turning such vehicle .from Solano Drive to the left, to first see that such movement could be made in safety and, if it could not be made in safety, then it was his duty to wait until he could make such turn in safety."

Appellants urge that this instruction is not applicable to the instant case and is not the law of New Mexico. They argue that § 64–18–10(b), N.M.S.A.1953, is the controlling law. They seem to overlook § 64–18–24(a) which reads, "No person shall * * * turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. * *" Except for the omission of the word "reasonable" before the word "safety" we see

nothing wrong in the law as set forth in this instruction, when considered along with instructon 13, discussed supra, and the omission of the one word was neither fatal nor prejudicial, in our view. Likewise, it was not the basis for the appellants' objection.

We have considered this statute in only two previous cases. Danz v. Kennon, 63 N.M. 274, 317 P.2d 321, resulted from a collision between a turning vehicle and an oncoming car. Brown v. Hayes, 69 N.M. 24, 363 P.2d 632, is a case involving the striking of a turning vehicle by a negligently driven following car. In that case the question of the negligence of the vehicle making a turn was not passed upon since the trial court found the negligence of the following car to have been the proximate cause of the accident. As was there said, the issue of the negligence of the drivers of both vehicles was for the fact finder. This is equally true here, and § 64–18–24(a), N.M.S.A.1953, is one section of the law which declares the duty of users of the highway when turning and it was proper to advise the jury concerning it. The cases cited by appellants are not in point inasmuch as it does not appear that comparable statutory provisions were involved.

Finally, appellants complain about instruction 17, defining "negligence per se." They here argue that the instruction is an abstract statement of law and that it is repetitious. This latter position is the one taken at the trial where it was stated it was a "rehash of other instructions given and operates to place undue emphasis and to confuse the issues in the minds of the jury." While not entitled to have the abstract nature of the instruction considered under our rules because not called to the court's attention, we are clear that when considered with instructions 10, 11, 12 and 13, already discussed, and particularly instruction No. 13 where the phrase "negligence per se" is used, the instruction is not objectionable. Also, we find in the instruction no undue emphasis or repetition. The rule of Lujan v. McCuistion, supra, and Barakos v. Sponduris, supra, is just as applicable here as in connection with instruction 9, discussed above. Even if repetitious, which we do not consider it, there is nothing prejudicial to appellants in the giving of the instruction, and this is the ultimate test. Terry v. Biswell, 66 N.M. 201, 345 P.2d 217.

Appellants place great reliance on Paggett v. Travelers Indemnity Company (La. App.1957), 99 So.2d 173. However, that case turned on facts which differ materially from those here present, and in addition it does not appear that there was any statute in Louisiana comparable to our § 64–18–24(a), N.M.S.A.1953.

Appellants also call our attention to Inouye v. Gilboy Co., 115 Cal.App. 25, 300 P. 835, which is a case involving a question of liability of a turning car when struck

by an overtaking and passing vehicle. Reference is made to a statute similar to our § 64–18–24(a), N.M.S.A.1953, which provided that before turning, a driver "shall first see that such movement can be made in safety, and if it can not be made in safety, shall wait until it can be made in safety." The court there said that "absolute safety" could not have been intended. The court determined that the statute meant that the driver was required before turning to determine "that the movement could be made in safety, assuming that both he and others using the highway exercise ordinary care." This is the sense of our statute which uses the term "reasonable" before the word "safety." However, the case resulted in affirmance of a judgment on the basis that the trial court having found the facts, they would not be disturbed on appeal. We find nothing in the case which in any way supports appellants' position here.

Having found none of appellants' arguments convincing, the judgment must be affirmed.

Appellee has perfected a cross appeal which requires our attention. He complains that in considering his bill for costs duly filed after judgment, the court did not allow fees for witnesses who attended a previous trial of the cause which ended in a mistrial. Was this error requiring reversal?

The applicable rule is § 21–1–1(54) (d), N.M.S.A.1953, the pertinent part of which reads:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * *."

That this rule differs materially from the statute construed and held mandatory in Frank A. Hubbell Co. v. Curtis, 40 N.M. 234, 58 P.2d 1163, is obvious. Our rule is the same as the federal rule and the change to grant discretion to the trial court was effected thereby in the federal courts as in ours. See 3 Barron & Holtzoff, Federal Practice and Procedure, § 1195; 6 Moore's, Federal Practice, § 54.70 [3].

Since the court may now direct in its discretion that costs not be allowed to the prevailing party as a matter of course, was it error not to include the witness fees for the first trial? Our answer would be in the negative if it appeared that the court had exercised its discretion and determined that these costs should not be assessed against cross-appellee, inasmuch as ordinarily an appellate court will not interfere with a trial court's exercise of its discretion in this regard, except in case of abuse. See Barron & Holtzoff, Federal Practice and Procedure, § 1195. However, such is not our situation. Here, the order recites that, "under the provisions of Section 25–1–1 et

seq. and Section 20–1–4, N.M.S.A.1953 Comp., the Court should allow the Plaintiff his costs incurred only for the second trial and as basis for such order the Court has determined that as a result of the first trial and the jury's failure to return a verdict, the Plaintiff therein was not the prevailing party and the costs for such trial should not be allowed." From this language it is apparent that the court was not exercising its discretion, but considered that the costs incurred in the first trial were not taxable under the statutes cited in the order. We have examined the referenced sections of the statutes and find nothing therein which in any way lends support to the conclusion reached by the court.

 § 21–1–1(54) (d), N.M.S.A. 1953, quoted above, is controlling. What is included in "costs"? They are defined as "statutory allowance to a party for his expenses incurred in an action." Bergman v. State, 187 Wash. 622, 60 P.2d 699, 106 A.L.R. 1007; Hoffman v. Morgan, 206 Okl. 567, 245 P.2d 67, 30 A.L.R.2d 1141; Wagner v. Anderson, 122 Utah 403, 250 P.2d 577; Bacon v. Harris, 71 Utah 223, 263 P. 930. We find nothing in § 21–1–1(54) (d), or in the other section noted by the trial court, limiting "costs" to expenses of trial, or of the last trial. If on the first trial a verdict had been reached, but on appeal there was a reversal and a new trial ordered which again resulted in a verdict, the party ulti-

mately prevailing would be entitled to his proper expenses on the first trial, as well as on the second. Such is the prevailing rule. McKinney v. Nayberger, 138 Or. 203, 295 P. 474, 2 P.2d 1111, 6 P.2d 228, 229; Jacobs v. City of Seattle, 100 Wash. 524, 171 P. 662, L.R.A.1918E, 131; Wendt v. Fintch, 235 Wis. 220, 292 N.W. 890.

 Although we have found no case where the first trial was ended because of a mistrial, we see no reason for a different rule in such situation. The closest case on its facts that we have found is Tulare Irr. Dist. v. Lindsay-Strathmore Irr. Dist., 205 Cal. 6, 269 P. 525, being a case where there had to be a retrial of the cause because of the disqualification of the judge who first tried it. The plaintiff was held entitled to costs not only on the second trial where he ultimately prevailed, but also on the first. A correct reading of the rule requires the same result here unless the trial judge in his discretion rules otherwise. This he has not done. Accordingly, the cause must be remanded so the trial court may consider granting the costs previously refused, or in the exercise of his discretion deny the same. Compare Sproles v. McDonald, 70 N.M. 168, 372 P.2d 122.

The judgment appealed from is affirmed, except that the cause is remanded with instructions that the court allow cross-appellant the costs for witnesses on the first trial unless in his discretion he shall otherwise

direct. All costs on appeal shall be assessed against appellant.

IT IS SO ORDERED.

COMPTON, C. J., and NOBLE, J., concur.

CARMODY and CHAVEZ, JJ., not participating.