314

LINNEOUS M. MILLETT *vs*. MAINE CENTRAL RAILROAD COMPANY.

Cumberland.    Opinion September 12, 1929.

*Frank I. Cowan,* for plaintiff.
*Perkins & Weeks,* for defendant.

SITTING: WILSON, C. J., DUNN, STURGIS, BASSETT, FARRINGTON, JJ.

DUNN, J.   Action by an employee to recover damages for personal injuries. Compulsory nonsuit imposed. Exception taken.

One count is at common law. Two others declare somewhat differently against an employer nonassenting to the Workman's

Compensation Act, R. S., Chap. 50, as amended by 1919 Laws, Chap. 238.

Each count alleges that the method of keeping the right of way, or location, of the defendant railroad free from grass, by burning it, was actionably negligent as to the plaintiff, to the injury of one of his eyes from the lodgment of a spark.

Plea, general issue. Brief statement sets up interstate commerce employment. The stipulation in this connection has not been argued, is considered to have been waived, and will not be discussed.

About one ton of grass, it appears in evidence, lay where it had been mown, on a stretch approximately sixty feet wide and a mile long.

The day, April 9, 1928, was suitable for burning grass.

Plaintiff was forty-five years old; this the second season of his employment; the method of burning the same.

His work required that he walk along the edge of the location, a pail of water and broom in hand, to prevent the escape of fire to contiguous land. While so doing, and when nothing unusual was being done, the accident occurred.

The law permits recovery, under any of the counts, only on the basis of negligence. Negligence is nothing more or less than a failure of duty. *Boardman* v. *Creighton*, 95 Me., 154, 159.

An employer is bound to exercise ordinary care to provide reasonably safe and reasonably suitable methods, and such only, to enable the employee to do his work as safely as the hazards incident to employment will permit.

Ordinary care is that kind of care most common and usual in the business. *Mad River & L. R. R. Company* v. *Barber*, 5 Ohio St., 541. What is ordinary care, that is, what an ordinarily prudent man would do, depends upon the particular and peculiar circumstances surrounding the case. Because, what might be due care under one condition of things might be the grossest negligence under another. In other words, the care which ordinarily prudent persons take is commensurate with the necessity for care and the dangers of the situation.

But the employer is not an insurer.

Plaintiff had the burden to adduce reasonable evidence which

would tend to show, primarily, a breach of duty owed to him in respect to the method of doing the work. Negligence may not be found from the mere happening of accident. *Wormell* v. *Railroad Company*, 79 Me., 397, 403.

There is no evidence that the method employed was not common and usual in the occupation.

To concede to argument, that negligence is attributable for failure to provide goggles, the impress such argument has made, goggles, if worn, might have prevented injury. However, this must remain conjectural. Certainly it is not a basis on which to predicate liability. Goggles, like the gauntlets of the employee in the plate-glass factory, would have been no more than the shoes or other apparel of the plaintiff; no more than the apron of the blacksmith. *Myers* v. *De Pauw Co.*, 38 N. E., 37 (Ind.).

The plaintiff did not prove a prima facie case. The trial judge did not err in granting the nonsuit. *Elwell* v. *Hacker*, 86 Me., 416; *Preble* v. *Preble*, 115 Me., 26; *Blacker* v. *Oxford Paper Company*, 127 Me., 228.

*Exception overruled.*