JOHN WALSH *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   February 5, 1930. — May 28, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Contributory.   *Evidence*, Presumptions and burden of proof.

At the trial of an action of tort for personal injuries against a street
railway company, the plaintiff testified that, upon seeing an oppor-
tunity to cross a street containing double tracks of the defendant, he
walked in front of a car standing on the nearer tracks and had just
put his foot upon the nearer rail of the further tracks when he was
struck by another car thereon, which he neither saw nor heard until
he saw its shadow only two feet away from him; and that he was
familiar with the locality. It appeared that the car which struck the
plaintiff had come out of the defendant's car house yard, a large open
space at the side of the street, on a curved track about fifty feet from
the plaintiff; that the weather was clear; that it was dark; and that
the locality was well lighted. *Held*, that

(1) The plaintiff was bound by his own testimony;

(2) The only inference which properly could be drawn therefrom.
was that he had been guilty of contributory negligence;

(3) G. L. c. 231, § 85, did not aid the plaintiff;

(4) The burden which rested upon the defendant to prove that
the plaintiff had been guilty of contributory negligence was sus-
tained as a matter of law;

(5) The plaintiff could not recover.

TORT for personal injuries received when the plaintiff
was struck by a street car of the defendant. Writ dated
January 13, 1926.

At the trial in the Superior Court before *Gray*, J., it
appeared that the car which struck the plaintiff came out
of the defendant's car house yard, a large open space at
the side of Dorchester Avenue, on a curved track which
entered Dorchester Avenue fifty feet or more from the
plaintiff. Other material evidence is stated in the opinion.
Subject to leave reserved under G. L. c. 231, § 120, a ver-
dict for the plaintiff in the sum of $16,000 was recorded.
The judge thereafter ordered the entry of a verdict for the
defendant. The plaintiff alleged an exception.

*B. J. Killion,* (*C. I. Quirk* with him,) for the plaintiff.

*H. F. Hathaway,* for the defendant.

WAIT, J.   The plaintiff was injured when he was struck by an inbound car of the defendant, which had come from the Fields Corner car house yard, and was caught between that car and an outbound car standing upon the straight rails on Dorchester Avenue not far from the point of the switch to the car yard.   The testimony of the plaintiff cannot be reconciled with that of the other witnesses of the accident.   After the recording of a verdict for the plaintiff subject to leave reserved under G. L. c. 231, § 120, the judge ordered the entry of a verdict for the defendant; and the case is before us upon the plaintiff's exception. Manifestly there would be error if the testimony taken most strongly in the plaintiff's favor would sustain findings of negligence by the defendant or its servants, and of due care on the part of the plaintiff.   No new question of law is presented.   We need not discuss the evidence in detail.   We think an inference of negligence on the part of the motorman could be sustained properly; but the positive evidence of the plaintiff requires a finding that he was not in the exercise of due care.   He testified that after watching for a clear pathway across the tracks of the defendant on Dorchester Avenue, he saw an opportunity and proceeded to cross in front of the car standing on the outbound rails.   He had just put his foot upon the first rail of the inbound track when he was struck on the right shoulder by a car coming on the inbound track which he neither saw nor heard until he saw its shadow close at hand only two feet away from him, and was pushed or driven, staggering, between the moving and the standing cars.   The hour was about 5.30 on the afternoon of November 18, 1924.   The sun had set at 4.25 P.M.   The weather was clear.   The place was familiar to him, and was well lighted by electric street lights.   There was no evidence of defective eyesight.   It is inconceivable that a car could have come upon him unobserved if he had looked as he says he did, and looked with any care.   *Pigeon* v. *Massachusetts Northeastern Street Railway,* 230 Mass. 392.

The statutory presumption of due care (G. L. c. 231, § 85)

does not help him.   His own testimony supplies the full details of the action which he claims to have taken in the circumstances.   There is no place for presumption.   *Bagnell v. Boston Elevated Railway*, 247 Mass. 235, 238.   *Wilmur Motors, Inc.* v. *Eastern Massachusetts Street Railway, ante,* 31.   And there is but one inference justifiably to be drawn with reference to his due care.   He is bound by his own testimony.   *Fortune* v. *New York, New Haven & Hartford Railroad, ante,* 101.   The defendant's burden of a lack of due care which contributed to the injury is sustained. There was no error in ordering the entry of the verdict for the defendant.

*Exceptions overruled.*