EDWARD F. ARNOLD *vs.* LLOYD COLBERT.

JAMES E. REDMOND *vs.* SAME.

Hampden.    October 3, 1930. — November 24, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory.

</div>

At the trial together of two actions of tort for personal injuries, the questions, whether the plaintiffs were guilty of contributory negligence and the defendant was negligent, were for the jury on evidence that the plaintiffs, while walking across a street forty or fifty feet wide on a

crosswalk at the intersection of a cross street, and when they were one step from the further curb, were struck from the right and from behind by an automobile operated by the defendant, which was turning to its right from the first street into the cross street, with its right wheels about eight inches from the curb toward which the plaintiffs were going; that the speed of the automobile was ten to twelve miles an hour; that the accident happened on a misty night; that, immediately after the accident, the windshield wiper of the automobile was motionless and its windshield covered with mist; that the defendant did not see the plaintiffs before they were struck; that there was a street light at the corner; that both plaintiffs, before entering upon the crosswalk, looked to the left and right, and saw no vehicles approaching within a block to their right; that one of the plaintiffs looked to his right until one half or two thirds across the street, but saw no moving vehicles, and then looked forward to prepare for stepping to the curb; and that neither of the plaintiffs saw the defendant's automobile before they were struck.

Two ACTIONS OF TORT for personal injuries. Writs dated November 19, 1927.

The actions were tried together in the Superior Court before *Broadhurst,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendant in each action that a verdict be ordered in his favor. There was a verdict for the plaintiff in the first action in the sum of $3,000; and for the plaintiff in the second action in the sum of $4,000. The defendant alleged an exception in each action.

The case was submitted on briefs.

*I. R. Shaw & D. E. Lavigne,* for the defendant.

*W. H. McCarthy,* for the plaintiffs.

WAIT, J. These two cases were tried together. The defendant contends that the material evidence failed to justify a finding of negligence on the part of the defendant, and required findings that the plaintiffs carelessly contributed to the accident, that consequently the trial judge was in error in refusing to direct verdicts for the defendant.

That evidence would sustain findings as follows: The defendant in driving his automobile and turning from Hereford Street to go west along Boylston Street, in Boston, struck and injured the plaintiffs as they were walking westerly across Hereford Street on the northerly crosswalk of Boylston Street and were within a step of the westerly curb.

The crossing is forty or fifty feet wide. There was a street light at the corner. The hour was about 11:20 P.M. on October 18, 1927. A mist was falling. Before entering upon the crosswalk, both plaintiffs looked to left and to right, and did not see any motor vehicle approaching or moving within a block to the right of Boylston Street. They were in no hurry, but walked at a normal gait, Redmond on the right of Arnold. Arnold looked to his right until half or two thirds of the distance across, and then forward to prepare for stepping to the curbing. He saw no lights other than the parking lights on one, or, possibly, two, cars parked on the west side of Hereford Street north of Boylston. He saw no moving traffic. He did not see the defendant's vehicle before it struck him. Nor did Redmond. They were struck behind and from the right. The defendant did not see them until after his car hit them. He estimated his speed at between ten and twelve miles per hour; and testified that he had slowed to permit a car to come from a passage beside a building near the corner and, when it did not enter Hereford Street, resumed his speed toward the crossing. He could not recall whether he had given a horn signal. His right hand wheels at the turn were " eight inches or so " from the westerly curb. Immediately after the accident, when the plaintiffs looked at the windshield they found the wiper motionless and the glass covered with mist. The lights dimmed as the machine slowed. The right hand headlight was bent by the collision.

No minute discussion is needed. This evidence falls far short of requiring the rulings held to be appropriate in the circumstances of *Tognazzi* v. *Milford & Uxbridge Street Railway,* 201 Mass. 7, *Collins* v. *Boston Elevated Railway,* 218 Mass. 284, *Pigeon* v. *Massachusetts Northeastern Street Railway,* 230 Mass. 392, and *Walsh* v. *Boston Elevated Railway,* 271 Mass. 477, cited by the defendant. Whether the plaintiffs were careless in failing to see the defendant's car before it hit them, and whether the defendant was negligent in driving, on a misty night, with a clouded windshield, without sounding an alarm, at ten or

twelve miles an hour, within a few inches of the curb in rounding a corner at a crossing, and in failing to see and avoid two pedestrians on the crossing close to the curb, manifestly were questions, not of law for the trial judge, but of fact for a jury.

*Exceptions overruled.*