CARL L. PEASLEY *vs.* NEALSON GEORGE WHITE.

Penobscot.     Opinion December 9, 1930.

*Clinton C. Stevens*, for plaintiff.
*Merrill & Merrill*, for defendant:

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

STURGIS, J.   This is an action of negligence brought by the plaintiff against the driver of an automobile in which he was riding as a gratuitous passenger. The verdict was for the defendant and the plaintiff files a general motion for a new trial.

Late Sunday afternoon, September 22, 1929, the plaintiff accepted an invitation for himself, his wife and infant daughter to accompany the defendant and his wife and a Mr. and Mrs. Willet on an automobile ride from Pittsfield to Waterville. The party arrived safely at their destination, took supper at a local restaurant, and about nine-thirty in the evening started back towards Pittsfield.

The defendant was driving a large Hupmobile Eight. The night was generally clear but land fogs lay in the low places, and as the car came to Mudgett's curve, so-called, near Burnham Junction, the defendant drove into a heavy fog, obscuring his view of the road, and, without slackening his speed of twenty-five to thirty miles an hour, rode on into the curve. In fifty feet of travel, he found his car across the road with its left wheels out on the gravel shoulder. He still kept up his speed, applied no brakes, but tried to pull back on to the hard surface of the way. Hitting a rock fill, the car turned over and the plaintiff was seriously injured.

The defendant seeks excuse for getting off the road in the misleading location of telephone poles, which did not parallel the curve of the road, but ran straight ahead at one side. He admits, however, that he doesn't "Regard them a very safe line to follow." He insists that his judgment dictated that an attempt to pull back into the road and a continuance of his speed was safer than an application of brakes while riding the shoulder with his left wheels. His attention being directed to his travel in the blinding fog along and

across the hard road before he struck the shoulder, he gives as his reason for not then reducing his speed, "Thought I was all right." One further fact should be noted. Just before the defendant drove into the fog at Mudgett's curve, he passed a west-bound automobile and, practically blinded by its headlights, almost instantaneously rode out of this glare into the fog.

The statement of facts just made conforms in all essential details with the story told by the defendant on the stand. The testimony of other witnesses adds nothing of probative value upon the issue of the defendant's negligence.

The driver of an automobile, encountering a fog, is not bound as a matter of law to stop and wait for the fog to lift in order to escape the charge of negligence. It is common knowledge that the fogs from the sea and of the inland are usually penetrable to the eye and, while visibility may be low, if the driver proceeds with due care, progress may be made through them with reasonable safety. The degree of care to be exercised must vary with conditions of fog, of roadway, and of traffic. The type, size and power of the car may be of greater or less importance. It is impossible to enumerate all factors involved, but it has been well said that the duty of the driver of a car in a fog is, "He must exercise, however, a degree of care consistent with the existing conditions." *Cole* v. *Wilson*, 127 Me., 316.

We are convinced that the defendant in this case in driving his car into and through the fog in Mudgett's curve at the speed indicated by his own admissions, with his view of the road so obstructed that he lost its course, was negligent, and a contrary finding could only result from a misconception of the law and facts of the case or a bias or prejudice upon which no just verdict can stand.

The plaintiff was bound to exercise some degree of care. He could not wholly escape the duty of keeping a lookout and warning the driver of apparent danger. This duty did not require or empower him to assume control of the car, and if in the exercise of reasonable care he could not have done anything to avert the accident, he is not barred from recovery. *Dansky* v. *Kotimaki*, 125 Me., 72, 76. It is of "apparent" danger which the passenger must give warning,

not necessarily apparent to the individual but that which is or ought to be reasonably manifest to the ordinarily prudent person. As is said in *Minnich* v. *Transit Co.*, 267 Pa. St., 200, 18 A. L. R., 296, it is, "when dangers which are either reasonably manifest or known to an invited guest confront the driver of a vehicle and the guest has an adequate and proper opportunity to control or influence the situation for safety, and sits by without warning or protest and permits himself to be driven carelessly to his injury" that his negligence will bar his recovery.

The plaintiff was riding on the back seat of the automobile with his wife at his side and his child on his lap.

Three persons, including the driver, occupied the front seat and obstructed his view of the road. The car was proceeding on the right-hand side of the road and within the speed limit prescribed by law. To use the words of the defendant, he "passed the other car and went by it and into the fog on the curve all about the same time." In almost a second, as the car crossed the road and went out on the shoulder, the plaintiff's wife cried out, "My God, George, you are out of the road!" What followed has already appeared. The danger of Mudgett's curve and the fog bank confronted the defendant as he passed the on-coming car. The plaintiff had no opportunity to control the situation before they were off the road. It does not appear that an added warning from him would have averted the accident.

It is not within the province of this court to usurp the proper functions of the jury. There can be no substitution of our judgment on questions of fact where reasonably fair-minded men might differ, but when, upon undisputed facts, it is clear that a jury has erred in its conclusion, the verdict below must be set aside. Being convinced that the negligence of the defendant and the plaintiff's exercise of due care is clearly proven, a new trial is ordered.

*Motion granted.*
*New trial ordered.*