82 P.2d 282

SILVA et al. v. WALDIE.

No. 4306.

Supreme Court of New Mexico.

Aug. 2, 1938.

Rehearing Denied Sept. 16, 1938.

John F. Simms and Donald M. Bushnell, both of Albuquerque, for appellants.

W. A. Keleher and A. H. McLeod, both of Albuquerque, for appellee.

PER CURIAM.

The original opinion in this cause was withdrawn upon consideration of a motion for rehearing; and the following is substituted therefor:

BRICE, Justice.

This suit was brought to recover damages for alleged personal injuries resulting from a collision of automobiles. At the conclusion of appellants' (hereafter called plaintiffs) testimony, upon motion of appellee (hereafter called defendant), the court instructed the jury to return a verdict for him. Defendant's motion called for a declaration of law, viz.: Considering only the testimony introduced by plaintiffs, together with all reasonable inferences that could be deduced therefrom, in a light most favorable to them, had they made a case that would support a judgment?

The facts so considered are substantially as follows:

The plaintiffs were invited by Jose Apodaca and wife, on December 15, 1934, to go in their Ford car with them from Socorro to Albuquerque. Though not requested to do so, Silva bought the gas and oil for the trip. They left Socorro at 4 a. m. of December 16th, Apodaca driving, with his wife sitting by him holding their year old child. The plaintiffs, together with a niece and her child, sat on the back seat. Before passing through the village of Abeyta they ran into a fog, so dense that they could not see the houses on either side of the road, or even the road itself. The windshield wiper was not working, and Silva, at the request of Apodaca, got out and wiped the moisture from the windshield several times. At the last stop for this purpose, Silva, at Apodaca's request, walked to the left side of the road to see if the car was properly on the road and informed Apodaca that it was. After this observation Silva got into the car, and just as he sat down he saw a light coming from the direction of Albuquerque, which had also been seen by Apodaca; who had just started his car when the oncoming automobile (a Dodge) struck the Ford head-on, completely demolishing it. It was only two or three seconds from the time the light was seen until the collision occurred. The force of the collision bent the frame of the Ford, twisted its axle into the shape of a figure eight, crumpled the left front fender, and loosened the engine from its mountings and otherwise broke up the car. Mrs. Apodaca and her baby were killed and the other occupants of the car seriously injured. The two cars were so wedged together that they could be pulled apart only by jacking them up. The left wheels of the Ford car were slightly over the center of the road, at the time of the collision. The Dodge

car was further over to its left of the center than the Ford. The road was flat and straight for a long distance in both directions. Other facts will be stated in the opinion.

The first questions are: (1) Whether as a matter of law the plaintiffs were negligent; and, if so, (2) was such negligence, as a matter of law, one of the proximate causes of their injury?

In Maestas v. Alameda Cattle Co., 36 N.M. 323, 14 P.2d 733, 735, we quoted approvingly from the early case of Lutz v. Atlantic & Pacific R. Co., 6 N.M. 496, 30 P. 912, 16 L.R.A. 819, a definition of "proximate cause" as that "cause which, in natural and continued sequence, unbroken by any efficient, intervening cause, produced the result complained of, and without which that result would not have occurred." Also see Gilbert v. New Mexico Construction Co., 39 N.M. 216, 44 P.2d 489. To contribute proximately to the injury plaintiffs' negligence must have contributed substantially. In sections 463 and 465 of the Restatement of the Law of Torts, the correct rules are aptly and succinctly stated, as follows:

Sec. 463. "Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, co-operating with the negligence of the defendant in bringing about the plaintiff's harm."

Sec. 465. " 'The plaintiff's negligent exposure of himself to danger or his failure to exercise reasonable care for his own protection is a legally contributing cause of his harm, if, *but only if, it is a substantial factor* in bringing about his harm and there is no rule restricting his responsibility because of the manner in which his conduct contributed to his harm.' " (Our italics.)

The statutes of New Mexico prohibit the driving of an automobile on a highway in this state without two headlights. Comp.St.1929, § 11-847. It was therefore negligence per se (as we have held in a number of cases) for Apodaca to drive his car with only one headlight. The plaintiffs testified that they had no knowledge of the fact that the car had but one headlight. But assuming for the purposes of this case that the negligence of Apodaca was chargeable to plaintiffs, there was no evidence in the record to prove that this negligence contributed in any degree to plaintiffs' injuries. Nor does defendant so charge in his motion.

The fact (as stated in defendant's motion for an instructed verdict) "that it affirmatively appears that the collision took place shortly after one of the plaintiffs, Juan Silva, had stepped down from cleaning the windshield, the wiper of which had been broken prior to the beginning of the journey and was not in use at the time and place material to this case," if true, does not, as a matter of law, establish negligence on the part of Apodaca;

nor does it establish that the lack of the windshield wiper was, as a matter of law, a procuring cause of plaintiffs' injuries; nor is there any charge in the motion that it was such cause.

■ In view of a new trial it should be stated that there is evidence which shows that Apodaca knew nothing of the condition of the windshield wiper before driving into the fog; that it was functioning the last time he had occasion to use it; that he attempted to use it on this occasion, but it failed to work, and this was the first time it had so failed. This, if true; disproves negligence in that regard.

This disposes of all the questions raised in the motion for an instructed verdict. Other points are argued in the briefs of the parties, and are considered here in view of a new trial.

■ One of the contentions is that as Apodaca admittedly was driving the car in which plaintiffs were injured partially over the center of the road, in a dense fog, in violation of a statute, that therefore the plaintiffs were guilty of negligence per se.

Section 11-810, N.M.Sts.1929, is as follows: "In crossing an intersection of highways or the intersection of a highway by a railroad right of way, or at any point where the driver's view along the highway is not unobstructed for a distance of 500 feet, the driver of a vehicle shall at all times cause such vehicle to travel on the right half of the highway unless such right half of the highway is obstructed or impassable."

Plaintiffs contend that this statute has reference to stationary physical obstructions along the highway and not the obscuring of the vision by atmospheric conditions.

One of the definitions of "obstruct," taken from Webster's New International Dictionary, is, "to be or come in the way of * * * as, the bar in the harbor obstructs the passage of ships; clouds obstruct the light of the sun; to cut off the sight of (an object), as, the trees obstruct the distant hills."

The statute has reference to the obstruction of the vision by atmospheric conditions, such as fog, snow, rain, or dust, as it does to stationary objects.

It was therefore negligence per se for Apodaca to knowingly drive on the left half of the highway in a dense fog.

But whether such negligence is chargeable to plaintiffs depends upon a number of other questions, among which is whether the plaintiffs were guests of Apodaca, and if guests whether they used ordinary care under the circumstances to protect themselves against injury. And if negligent, such negligence was a proximate cause of their injury—all questions for the jury to decide.

The defendant was further to his left side of the road than Apodaca was to his left side; though if either had been travel-

ing entirely on the right side of the road, but close to the center line, the collision would have occurred regardless of that fact.

The district court had no opportunity to pass upon the questions of whether Apodaca was negligent as a matter of law in stopping his car near the center of the road to clean the windshield; and if so, whether as a matter of law such negligence contributed substantially to plaintiffs' injuries, and therefore chargeable to them. These questions, in view of a new trial, will be decided.

The status of plaintiffs must first be determined. They claimed to be guests of Apodaca, and chargeable only with their own negligence.

■ If two or more persons unite in a joint prosecution of a common purpose, under such circumstances that each has authority to control the means employed to execute such purpose, the negligence of one is chargeable to the other; and this applies if they use an automobile as a conveyance for their joint purpose. The supporting cases are collected and appear in annotations in 62 A.L.R. beginning at page 440, and in 85 A.L.R. beginning at page 630.

■ A mere guest riding in an automobile at the invitation of the owner, without any authority or control over the driver, and no voice in directing the operation of the car, cannot be said to be engaged in a joint enterprise with the driver, so that the negligence of the driver will be imputed to the guest. See annotations in 63 A.L.R. 921, and 80 A.L.R. 312.

■ There is no evidence of a common enterprise, or that either of the plaintiffs had authority over the operation of the automobile. The fact that plaintiff Juan Silva, without an agreement or request from Apodaca, voluntarily offered to, and did, furnish some gasoline and oil to be used in making the trip, did not of itself constitute the trip a joint enterprise. Thomas v. Jones, 105 W.Va. 46, 141 S.E. 434; Neuman v. Eddy, 15 La.App. 45, 130 So. 247; Chanson v. Morgan's L., Etc., Co., 18 La.App. 602, 136 So. 647. The case of O'Brien v. Woldson, 149 Wash. 192, 270 P. 304, 62 A.L.R. 436, is not in point. There the parties had an agreement that one should furnish the car and the other pay for the gasoline for a joint pleasure trip.

The fact that plaintiff Juan Silva, at the request of Apodaca, wiped the windshield, did not change his status. The jury was authorized to find from the evidence that plaintiffs were guests of Apodaca.

■ The negligence of a driver is not imputed to a guest riding with him in a vehicle over which the guest has no authority, where the guest has no control over the driver nor reason to suspect his carelessness. (See annotations in 90 A.L.R. 631.) But the guest is not absolved

from personal care for his own safety. He must use such care as an ordinarily prudent person would exercise under the circumstances. See annotation in 18 A.L.R. 309.

Did plaintiffs exercise that degree of care which reasonably prudent persons would have exercised at and after the last stop to wipe the windshield? There is evidence to show the fog was so heavy that the road could not be seen. At the request of Apodaca, plaintiff Juan Silva went toward the left side of the road and reported, "You are on the road all right," returned and wiped the windshield, got in the car; and before he sat down he saw the lights of the Dodge, and the collision occurred within two seconds. The evidence does not show conclusively that Juan Silva knew the left wheels of the car were at the left of the center of the road; nor can it be said as a matter of law that if he had known that fact, and had requested Apodaca to move over to the right, that there was time to avoid the collision. This likewise was a question for the jury to answer. There is no evidence that Juanita Silva knew the location of the car on the road, or any evidence from which it could be inferred that she was chargeable with the negligence of Apodaca, if in fact he was negligent as a matter of law, in stopping the car near the center of the road.

Was Apodaca contributorially negligent, as a matter of law, in stopping his car to wipe the windshield when near the center of the road?

The case of Shaughnessy v. Morrison, 116 Conn. 661, 165 A. 553, 554, is almost identical. The plaintiff was driving with the left wheels slightly to the left of a mark made for the center of the road, but which in fact was too far to her side. The question was whether she was guilty of contributory negligence. The court stated: "Even if the plaintiff could have been held negligent in driving slightly to her left of the white line, although at this point substantially to her right of the center of the highway, the court would have been amply justified in holding that such action was not a proximate cause of the collision. The unquestioned finding is that the right front portion of the automobile which the defendant was driving collided with the left front portion of the plaintiff's car. It is clear therefrom, and especially from the photographs of the two cars that when the impact occurred, the car driven by the defendant was so far to its left that the collision would have occurred if all the plaintiff's car had been to its right side of the white line. An act or omission can hardly be regarded as the cause of an event which would have happened if the act or omission had not occurred."

If the left wheels of Apodaca's car had been as much as four feet to the right of the center of the road the jury could have found from the evidence that the accident would have happened. So

it cannot be said as a matter of law that but for the fact that the Ford car was slightly to the left of the center of the road, the accident would not have happened. The jury could have consistently found that the position of the Ford car was not a proximate cause of plaintiffs' injuries.

These questions are reserved for the jury. The following cases, in which courts have held similar questions to be for the jury, are instructive:

The case of Arnold v. Colbert, 273 Mass. 161, 173 N.E. 423, 424, was an action to recover against the driver of an automobile who had struck pedestrians. The court said: "His right-hand wheels at the turn were 'eight inches or so' from the westerly curb. Immediately after the accident, when the plaintiffs looked at the windshield they found the wiper motionless and the glass covered with mist. The lights dimmed as the machine slowed. The right-hand headlight was bent by the collision. * * *

"Whether the plaintiffs were careless in failing to see the defendant's car before it hit them, and whether the defendant was negligent in driving, on a misty night, with a clouded windshield, without sounding an alarm, at ten or twelve miles an hour, within a few inches of the curb in rounding a corner at a crossing, and in failing to see and avoid two pedestrians on the crossing close to the curb, manifestly were questions, not of law for the trial judge, but of fact for a jury."

A similar question was before the court in Powers v. Wilson, 138 Minn. 407, 165 N.W. 231, 232. We quote from it:

"As plaintiff came to University avenue she looked both ways, saw lights in both directions some distance away, and proceeded to cross the street. She succeeded in crossing the two street car tracks in safety, and was then struck by defendant's automobile coming from the east, driven by defendant's son, a young man of 17. It was a rainy night. The windshield of the car was in place, so covered with mist that the driver could see little through it. The lights of the automobile were dim, and not of much assistance to the driver in his view ahead, or much of a warning to pedestrians. There was evidence that the car was being driven at a speed of 20 or 25 miles an hour. The driver testified that he did not see plaintiff, or any of the people on or near the crossing, though there were several there. The horn was not sounded. The force of the impact threw plaintiff violently to the pavement; the car ran some 80 feet before it was stopped.

"The evidence was amply sufficient to make the question of the driver's negligence one for the jury, and to justify the verdict on this issue. We reach the same conclusion on the question of contributory negligence."

It is not negligence to drive through a fog, if ordinary care, under the circumstances, is exercised; but the degree of

care required necessarily varies with the denseness of the fog and the danger to be avoided. "The driver of an automobile, encountering a fog, is not bound as a matter of law to stop and wait for the fog to lift in order to escape the charge of negligence. It is common knowledge that the fogs from the sea and of the inland are usually penetrable to the eye, and, while visibility may be low, if the driver proceeds with due care, progress may be made through them with reasonable safety. The degree of care to be exercised must vary with conditions of fog, of roadway, and of traffic." Peasley v. White, 129 Me. 450, 152 A. 530, 73 A.L.R. 1017.

See, also, 1 Blashfield Cyc. of Automobile Law, Permanent Edition, § 742; annotations 19 A.L.R. 869, 97 A.L.R. 546, 73 A.L.R. 1020, and prior annotations.

The said rules of law are applicable to the defendant. He was required to exercise care commensurate with the dangers to be avoided.

This is the effect of our statutes, the following of which are applicable:

"Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving and upon conviction shall be punished as provided in section 61 [11-861 of this act]." Section 11-803, N.M.Sts.1929.

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing; and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person." Section 11-804, N.M.Sts. 1929.

It is suggested in the briefs, though not in the record, that the court held the collision to be an unavoidable accident. The facts indicate, or the jury was authorized to so find, that the proximate cause was the negligence of one or both the drivers.

The questions of negligence and the proximate cause of plaintiffs' injuries were for the jury. Petersen v. Lundin, 236 Mich. 590, 211 N.W. 86; Murphy v. Hawthorne, 117 Or. 319, 244 P. 79, 44 A. L.R. 1397; Peasley v. White, 129 Me. 450, 152 A. 530, 73 A.L.R. 1017; Marsh v. Burnham, 211 Mich. 675, 179 N.W. 300; Salera v. Schroeder, 183 Minn. 478, 237 N.W. 180.

The motion for a rehearing will be overruled. The case is reversed and remanded with instructions to set aside the judgment and try the case anew, not inconsistent herewith.

It is so ordered.

SADLER and ZINN, JJ., concur.

HUDSPETH, C. J., and BICKLEY, J., dissent.