*Municipal Court of the City of Boston*
## No. T-6726
### MYER M. SHAPIRO
v.
### RAILWAY EXPRESS AGENCY, INC.

(May 3—June 19, 1963)

*Present*: Gillen, J. (Presiding), Roberts & Chayet, JJ.

Case tried to *Lewiton, J.*

*Roberts, J.* This is an action of tort to recover for personal injury and property damage resulting from a collision of the defendant's truck with a parked motor vehicle owned by the plaintiff. At issue were the questions of negligence and contributory negligence.

The circumstances of the accident are uncomplicated. The operator of the defendant's

truck struck the left front door of the plaintiff's motor vehicle which war parked at the curb in front of 222 Columbus Avenue, Boston.

*There was evidence that* the defendant's driver knew exactly where the plaintiff's motor vehicle was parked, and knew the plaintiff was standing in the street beside his partially opened front door. While the defendant denies it, there was evidence that the body of the defendant's truck was wider than the cab, and that in moving forward, the defendant's operator cut in so that the body of the defendant's truck the door of the plaintiff's motor vehicle. There was ample room on the street at the time, so that the defendant's driver could move forward without hitting the plaintiff.

Thus, it may be observed that there was ample evidence to warrant a finding of the defendant's negligence. The circumstances of the collision created "a reasonable inference based on common experience that it would not have occurred if the operator of the colliding vehicle had been careful". *Harrington v. Central Greyhound Lines, Inc.,* 336 Mass. 436; *Cousins v. Cummings,* 332 Mass. 649, 650, 651.

On the issue of contributory negligence where the burden rested with the defendant, it could not have been ruled as a matter of law that the plaintiff was contributorily negligent. Further, there is nothing in the defendant's argument that the trial judge was

inconsistent in granting the defendant's request to the effect that a finding of contributory negligence *was warranted* but not required. *Hoffman v. Chelsea,* 315 Mass. 54, 56.

The trial court did not find that the plaintiff was contributorily negligent and made a finding for the plaintiff.

There was no error. *Report dismissed.*

Austin M. Pinkham, of Boston, for the Defendant cited the following: "A trial judge, sitting without jury, must correctly instruct himself as to the governing principles of law, and must pass upon pertinent requests for rulings in such a way to make plain that he has not fallen into error." *Home Savings Bank v. Savransky,* 307 Mass. 601; *Povey v. Colonial Beacon Oil Co.,* 294 Mass. 86, 93.

"A judge sitting without jury is both judge of law and trier of fact and must adopt correct rules of law for his guidance and find the facts as guided by these rules." *Perry v. Hanover,* 314 Mass. 167.

"Contributory negligence on the part of a person injured through the negligence of another is want of due care in respect to the cause of the injury and is itself conduct having a share in bringing on the harm. Want of due care by the person injured, touching the cause of his injury resulting from the negligence of another, is contributory negligence." *O'Connor v. Hickey,* 268 Mass. 454-458.

"The plaintiff is bound by his own testimony". *Whiteacre v. Boston Elevated Railway,* 241 Mass. 163; *Boni v. Goldstein,* 276 Mass. 372-376.

"Consequently if his testimony demonstrates his lack of due care, the statutory presumption does not

help him, and the defendant as a matter of law has sustained the burden of proving his contributory negligence." *Joughin v. Federal Motor Transport'n Co.,* 279 Mass. 408, 409; *Murphy v. Boston Elevated Railway,* 262 Mass. 485-487; *Walsh v. Boston Elevated Railway,* 271 Mass. 477 and Cases Cited.