EVELYN A. BICKFORD
*vs.*
CHARLES BERRY

ROLAND H. BICKFORD
*vs.*
CHARLES BERRY

(See Page 132)

Waldo.   Opinion, January 22, 1964.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

*Wendell R. Atherton,* for Plaintiff.

*Rudman and Rudman,*
  by *Paul L. Rudman,* for Defendant.

TAPLEY, J.    On appeal.    Evelyn A. Bickford and Roland H. Bickford seek damages from defendant, Charles Berry, as the result of an automobile accident.  The actions sound in negligence and were tried jointly.  At the conclusion of plaintiffs' evidence counsel for the defendant moved for directed verdicts in favor of the defendant.  These motions were granted by the presiding justice and from the granting of the motions the plaintiffs appealed.  The presiding justice granted the motions for the reason that the plaintiffs failed to produce affirmative evidence that would in any manner establish negligence on the part of the defendant.

Roland H. Bickford and Evelyn A. Bickford are husband and wife.  Mr. Bickford picked up his wife at her place of employment in Brewer, on the afternoon of October 15, 1961, and then proceeded with her as a passenger to their home in Winterport, Maine.

The testimony in plaintiffs' case recites that Mr. Bickford was operating his car along U. S. Route 1-A in a southerly direction; that when he was approximately 300 feet from the driveway to his home he turned on his directional light, indicating a left turn.  When 50 feet from the driveway he,

then being on his right side of the road, started turning to the left into his driveway.  At a point where the car was headed into the driveway it was struck by one operated by the defendant.  At the time of the collision approximately 2½ feet of the Bickford automobile was on the traveled portion of the highway.  The rear left tail light of the Bickford car was struck.  Mr. Bickford testified that the weather was inclement; that there was a precipitation of rain and snow and that he was unable to observe what was behind him because the rear window of his automobile was covered with snow.

It is well established in this State that the mere happening of an accident does not imply negligence.  *Millett* v. *Maine Central Railroad Co.*, 128 Me. 314; *Adams* v. *Richardson*, 134 Me. 109.

> " - - - - the presence of an automobile on the wrong side of the highway is a prima facie proof of negligence."
> *Gist* v. *Allentown Wholesale Distributors, Inc.*, 158 A. (2nd) 777, 779 (Pa.)

The pre-trial order becomes important in considering as to whether or not the directed verdicts for the defendant were erroneous.

> "Stipulations made at a pre-trial conference are binding upon the parties.  A party need not offer any evidence to prove a matter so stipulated, nor will evidence in contradiction of it be admitted."
> *Maine Civil Practice - Field and McKusick - Commentary* 16.2.

> "Stipulations and statements of counsel at a pre-trial conference are binding with respect to facts admitted or agreed or defenses waived."
> *Federal Practice and Procedures - Barron and Holtzoff* — Vol. 1A, Sec. 473, Page 844.

The contention of the defendant, as stated by him in the pre-trial order, recites that he came over the crest of the

hill; that plaintiff's car was stopped in the highway and that the plaintiff had given no warning of his position in the highway. This contention has the force of testimony, either for or against the defendant, depending upon the view a jury may take of the factual aspects of the case.

Because of the contents of the pre-trial order as to defendant's version of the accident, the circumstances of the instant case are distinguishable from those cases which hold that the mere happening of an accident does not imply negligence. This is not a case where defendant obtains directed verdicts without submission of evidence on his part but, rather, one in which the contents of the pre-trial order provide defendant's version of the happening and should be considered in the determination of the directed verdicts.

The record discloses the activities of the plaintiff in operating his automobile and, in addition thereto, that his car was struck in the rear, which was protruding 2½ feet on the defendant's left side of the traveled portion of the way. According to the contention of the defendant, as expressed in the pre-trial order which, as we have said, has the force of testimony, he agreed that he struck the rear end of plaintiff's car but says that he was not negligent because when he came over the crest of the hill plaintiff's car was stopped on the highway and the plaintiff had not given the defendant any warning of his position on the highway.

The circumstances attending the accident, as stated by the respective parties, are diametrically opposed. On the one hand, the jury could determine, according to the plaintiffs' contention, that the defendant negligently drove over to his, the defendant's, left hand side of the road and struck the plaintiff's car as it was entering the driveway or they, on the other hand, could find that as the defendant came over the crest of the hill he was faced with a situation of the plaintiff's automobile being stopped on the highway with no warning as to its position. It could be inferred

from defendant's contention that as he came over the hill, the plaintiff's vehicle was in such position in the highway as to cause the collision to be unavoidable on the part of the defendant.

We are of the opinion that the plaintiff's testimony and the substance of the pre-trial order make this a case for jury consideration.

The court has been handicapped to a great extent because of the failure of the plaintiffs to present a copy of the "chalk" as an exhibit. Much of the testimony made reference to the "chalk" and it also would have clarified the use of the pictures that were admitted as exhibits.

This court has on previous occasions admonished the bar for presenting incomplete records for the purposes of appellate review. It is the responsibility of counsel to furnish a record sufficiently complete in order that the issues may be thoroughly and properly reviewed.

*Appeals granted.*