EVELYN A. BICKFORD

*vs.*

CHARLES BERRY


ROLAND H. BICKFORD

*vs.*

CHARLES BERRY

(See Page 9)

Waldo.    Opinion, April 21, 1964.


*Wendell R. Atherton,* for Plaintiff.

*Rudman & Rudman,*
   by *Paul L. Rudman,* for Defendant.

Intervenors:

*Verrill, Dana, Walker, Philbrick & Whitehouse*
*Sewall, Strater, Erwin & Winton*
*Brown, Wathen & Choate*
*Linnell, Perkins, Thompson, Hinkley & Thaxter*
*Berman, Berman, Berman*
*Farris & Foley*

PER CURIAM.

On January 22, 1964 we filed an opinion granting appeals and in effect ordering a new trial in these companion cases. The defendant now brings to this court his petition for review and reconsideration seeking the correction of what he deems to be manifest errors of law.

In our opinion we referred to representations made at pre-trial conference by defense counsel as to the nature and theory of the factual defense to be offered. These representations were incorporated into the pre-trial order. They presented succinctly the issues of fact tendered by the defendant. With respect to these representations we said in our original opinion: "This contention has the force of testimony, either for or against the defendant, depending upon the view a jury may take of the factual aspects of the case." It is to this sentence in particular that the petitioner specifically addresses our attention.

Upon reconsideration we are satisfied that the sentence does not express comprehensively our intended statement of the law and should be deleted from the opinion. The result of the case is not thereby changed.

We would substitute for the deleted sentence the following:

"This contention effectively eliminated from the case issues of fact and factual defenses inconsistent with

those tendered by defendant at pre-trial, incorporated in the pre-trial order and never subsequently altered or changed by the presiding justice. Defenses not tendered at pre-trial conference are treated as waived. *Taylor* v. *Reo Motors* (1960), 275 F (2nd) 699, 704; *Miller* v. *Brazel* (1962), 300 F (2nd) 283; *McCarthy* v. *Lerner Stores Corp.* (1949), 9 F. R. D. 31; *First Federal Savings & Loan Association* v. *U. S.* (1961), 295 F. (2nd) 481; *Kline* v. *S. M. Flickinger Co.* (1963), 314 F. (2nd) 464. Specifically there was eliminated from the case any claim or contention by the defendant that he was in the act of lawfully passing the plaintiffs from the rear at the time of the collision. This was of great importance as affecting the elements of proof required of the plaintiffs and as affecting the duty owed by plaintiff driver in making a left turn under the existing circumstances. Cf. *White* v. *Schofield,* 153 Me. 79, 86; *Verrill* v. *Harrington,* 131 Me. 390, 395. There was further eliminated any claim or contention that the defendant was impelled to his left or wrong side of the highway to the point of collision by any non-negligently produced mechanical failure or skid. The issues to be tried were those fixed by the pre-trial order. A representation and commitment as to the defense is binding upon the defendant until amended with court approval. Such representation and commitment under the special circumstances of the instant case when considered with the evidence in the case afford and constitute a jury question. Upon the issues of fact thus tendered by the parties for trial, the evidence as it stood when defendant's motions for directed verdicts were addressed to the presiding justice would permit a jury to find that the plaintiff driver in the exercise of due care after giving ample warning of his intention to turn left executed a left turn and had nearly cleared the highway before being struck by the

defendant's vehicle; that the defendant, although not attempting to pass the plaintiff from the rear and not skidding or operating out of control, nevertheless negligently drove his vehicle to his left or wrong side of the road and into the plaintiff's vehicle; and that under these circumstances the plaintiff's failure to see the defendant was not a proximate cause of the accident. One who fails to look and see is not negligent as a matter of law when it is not apparent that what he would have seen would have changed his subsequent conduct in the exercise of ordinary care. *Tinker* v. *Trevett,* 155 Me. 426, 429."

We further delete from our original opinion the phrase included in the eighth full paragraph thereof "which, as we have said, has the force of testimony."

If either party has proper occasion to insert new issues prior to a new trial of this cause, he may present a motion for modification for consideration by the presiding justice.

*So ordered.*

*Motions to intervene denied.*