Johanna CORCORAN et al., Plaintiffs, Appellants,

v.

Alexander R. MacDONALD et al., Defendants, Appellees.

No. 6299.

United States Court of Appeals First Circuit.

Heard Oct. 6, 1964.

Decided March 8, 1965.

Donald R. Bryant and Robert H. Temple, Dover, N. H., with whom Albert Knudsen, Portland, Me., Burns, Bryant & Hinchey and Fisher, Parsons, Moran & Temple, Dover, N. H., were on brief, for appellants.

John A. Mitchell and William B. Mahoney, Portland, Me., with whom J. Armand Gendron, Sanford, Me., Lawrence P. Mahoney, John W. Philbrick and Verrill, Dana, Walker, Philbrick & Whitehouse, Portland, Me., were on brief, for appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Senior Circuit Judge (by designation).

This is an automobile accident case in which the court below on motions supported by depositions gave summary judgment for the defendants on the ground that the plaintiffs were guilty of contributory negligence as a matter of the law of Maine. Federal jurisdiction based on diversity of citizenship is clearly established.

The defendant Louise M. Sullivan took her mother and her aunt, the plaintiffs, Johanna Corcoran and Katherine M. Kenney, for an automobile ride on Sunday, November 12, 1961. The weather was clear and sunny and the roads were dry. Between 4:15 and 4:30 P.M., while it was still daylight, they were proceeding in a southerly direction on U. S. Route 1 between York and Kittery, with the intention of stopping at a restaurant on the easterly side of the highway. In the vicinity of the restaurant Route 1 is relatively level and straight and is a three-lane highway about 30 feet wide with the lanes indicated by broken white lines painted on the pavement.

About 1000 feet before they reached the restaurant Mrs. Sullivan, driving in the westerly, south bound lane, began to slow down and turned on her directional signal light to indicate a left turn. When about opposite the southerly edge of the restaurant parking lot which bordered on the highway, she came to a stop and two cars behind her in the same traffic lane also stopped. She allowed two passenger cars and a pick-up truck going in the same direction to pass her in the center passing lane and then, seeing no more vehicles coming up behind her, she started to turn into the restaurant parking lot. She crossed the center lane and had entered the north bound easterly lane only a few feet when the right front corner of her car came into violent collision with the left front corner of a car driven by the defendant MacDonald in a northerly direction in the easterly lane.

The plaintiffs, neither of whom had ever driven an automobile, were paying no attention to traffic or the operation of the car in which they were riding. Neither, one sitting on the front seat beside the driver and the other in the back seat on the right hand side, saw the MacDonald car approaching although conceivably they might have, had they been looking.

The court below, finding that the plaintiffs as gratuitous passengers were exercising no care whatsoever for their safety,* gave summary judgment for the

---

* It held that Patrick J. Kenney's claim for consequential damage resulting from his wife's injuries was barred by her contributory negligence.

defendants on the authority of Peasley v. White, 129 Me. 450, 452–453, 152 A. 530, 531, 73 A.L.R. 1017 (1930), wherein the Maine law is stated as follows:

> "The plaintiff was bound to exercise some degree of care. He could not wholly escape the duty of keeping a lookout and warning the driver of apparent danger. This duty did not require or empower him to assume control of the car, and, if in the exercise of reasonable care he could not have done anything to avert the accident, he is not barred from recovery. Dansky v. Kotimaki, 125 Me. 72, 76, 130 A. 871. It is of 'apparent' danger which the passenger must give warning, not necessarily apparent to the individual, but that which is or ought to be reasonably manifest to the ordinarily prudent person. As is said in Minnich v. Eastern Transit Co., 267 Pa. 200, 110 A. 273, 274, 18 A.L.R. 296, it is, 'when dangers, which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has an adequate and proper opportunity to control or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury,' that his negligence will bar his recovery."

We think the court below misconstrued the evidence when it said: "On this record, there was ample opportunity and time in which to warn the driver of the approaching danger from the MacDonald car. It is clear that if the plaintiff passengers had been looking, they might have been aware of the danger and have been able to give a sufficiently timely warning to avert it." Wherefore the court concluded that the plaintiffs' negligence contributed to their injuries.

Perhaps the plaintiffs, if they had been looking, could have seen the MacDonald car approaching in the north bound lane when their driver started her left turn from the south bound lane. The road is straight and level for 500 to 1000 feet to the south of the restaurant, and the evidence is that MacDonald was driving not more than 40 to 45 miles per hour. But even if there were time for effective warning at the start of their driver's left turn, there was then no "apparent" danger from the MacDonald car. It was in its north bound lane and the middle lane was clear of traffic. Passengers in the Sullivan car, unaware that their driver might be inattentive, could very reasonably have assumed that their driver would wait in the open center lane for the MacDonald car to pass. Peril calling for warning impended only when the Sullivan car entered the north bound lane, and the accident occurred almost instantaneously thereafter when it was too late to afford "an adequate and proper opportunity to control or influence the situation for safety." In short danger arose calling under Maine law for warning from a passenger when there was no time to give a warning to say nothing of time for the warning to result in saving action by the driver. We think the court below erred in finding the passengers' inattention causative of the accident and their injuries.

The court below, holding that the plaintiffs' contributory negligence barred them from recovery as a matter of law, did not pass upon the sufficiency of the evidence to show any negligence on MacDonald's part. This may be a close question. Compare Tierney v. Quinn, 157 Me. 542, 175 A.2d 725 (1961), with Bickford v. Berry, 160 Me. 9, 196 A.2d 752, and 160 Me. 132, 199 A.2d 566 (1964). Much depends upon the liberality with which the courts of Maine submit close questions of negligence to the jury. We think it better for the court below, which is far more familiar with the practice in Maine than we, to pass on that question in the first instance.

The judgment of the District Court is vacated and the case is remanded to that Court for further consistent proceedings.